# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 20, 2000 Session

## STATE OF TENNESSEE v. CHARLES RICKY DEASON

**Appeal as of Right from the Circuit Court for Montgomery County**
**Nos. 36490 & 39404    John H. Gasaway, III, Judge**

———————————

**No. M2000-00497-CCA-R3-CD - Filed November 9, 2000**

———————————

The appellant, Charles Ricky Deason, pled guilty in the Montgomery County Circuit Court to one count of driving under the influence (hereinafter "DUI"), seventh offense; one count of leaving the scene of an accident; one count of driving on a revoked license, fourth offense; one count of DUI, second offense; and two counts of misdemeanor assault. The trial court sentenced the appellant to eleven months and twenty-nine days incarceration in the Montgomery County Jail for DUI, seventh offense. The trial court also sentenced the appellant to thirty days incarceration for leaving the scene of an accident, to be served concurrently with the sentence for DUI, seventh offense. Additionally, the trial court sentenced the appellant to an eleven month and twenty-nine day suspended sentence for driving on a revoked license, fourth offense, and ordered this sentence to be served consecutively to the DUI, seventh offense, and leaving the scene of an accident. The trial court further sentenced the appellant to eleven months and twenty-nine days incarceration, with ninety days to be served in incarceration and the remainder suspended, for the DUI, second offense, and ordered this sentence to be served consecutively to the DUI, seventh offense, and leaving the scene of an accident, and consecutively to the driving on a revoked license, fourth offense. Finally, the trial court sentenced the appellant to eleven months and twenty-nine days probation for each of the assault convictions and ordered these sentences to be served concurrently with each other, but consecutively to the other sentences. Subsequently, the appellant violated his probation by driving on a revoked license, violating the Light Law, and improper vehicle registration. The trial court revoked the appellant's probation and ordered the appellant to serve the remainder of his sentence in incarceration. The appellant presents the following issue for our review: whether the judgment of the trial court compelling the appellant to serve the full balance of his sentences in confinement was supported by the evidence. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES, and JOE G. RILEY, JJ., joined.

Charles S. Bloodworth, Clarksville, Tennessee, for appellant, Charles Ricky Deason.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, and James Crenshaw, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On January 8, 1998, the appellant, Charles Ricky Deason, pled guilty in the Montgomery County Circuit Court to one count of driving under the influence (hereinafter "DUI"), seventh offense; one count of leaving the scene of an accident; and one count of driving on a revoked license, fourth offense. Subsequently, on August 13, 1998, the appellant also pled guilty to one count of DUI, second offense, and two counts of misdemeanor assault. The trial court sentenced the appellant to eleven months and twenty-nine days incarceration in the Montgomery County Jail for DUI, seventh offense. The trial court also sentenced the appellant to thirty days incarceration for leaving the scene of an accident, to be served concurrently with the sentence for DUI, seventh offense. Additionally, the trial court sentenced the appellant to an eleven month and twenty-nine day suspended sentence for driving on a revoked license, fourth offense, and ordered this sentence to be served consecutively to the DUI, seventh offense, and leaving the scene of an accident. The trial court further sentenced the appellant to eleven months and twenty-nine days incarceration, with ninety days to be served in the Montgomery County Jail and the remainder of the sentence suspended, for the DUI, second offense, and ordered this sentence to be served consecutively to the DUI, seventh offense, and leaving the scene of an accident and consecutively to the driving on a revoked license, fourth offense. Finally, the trial court sentenced the appellant to eleven months and twenty-nine days probation for each of the assault convictions, and ordered these sentences to be served concurrently with each other, but consecutively to the other sentences.

On February 10, 1999, after serving the appropriate amount of time in the Montgomery County Jail, the appellant was released on probation. Two months later, in April 1999, the appellant violated his probation by driving on a revoked license, violating the Light Law, and improper vehicle registration. Proof adduced at the probation revocation hearing established that the appellant had also failed to meet with his probation officer since March 1, 1999, and had accumulated an arrearage of at least $225 in his payment of court costs. Based upon this information, the trial court revoked the appellant's probation and ordered him to serve the remainder of his sentence in confinement. The appellant presents the following issue for our review: whether the judgment of the trial court ordering the appellant to serve the full balance of his sentences in confinement was supported by the evidence.

### II. Analysis

The granting and revocation of probation "rest in the sound discretion of the trial judge." State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995). Additionally, a trial court may revoke an appellant's probation upon finding, by a preponderance of the evidence, that the appellant has violated the conditions of his probation. State v. Williams, No.W1999-01748-CCA-R3-CD, 2000 WL 674582, at *2(Tenn. Crim. App. at Jackson, May 24, 2000); see also Tenn. Code Ann. § 40-35-311(e)(1997). Accordingly, this court will not disturb the judgment of the trial court

unless there has been an abuse of discretion. Leach, 914 S.W.2d at 107. In order to find an abuse of discretion, the record must contain no substantial evidence to support the trial court's determination that the appellant has violated his probation. State v. Harkin, 811 S.W.2d 79, 82 (Tenn. 1991).

At the probation revocation hearing, the following grounds were presented for revoking the appellant's probation: (1) new arrests for a Light Law violation, driving on a revoked license, and improper vehicle registration; (2) failure to report to his probation officer since March 1, 1999; and (3) failure to pay court costs, fines, and probation supervision fees. See Williams, 2000 WL 674582, at *2-3. The appellant admits in his brief that he violated his probation on grounds (1) and (2), and there is evidence in the record to prove that the appellant paid only $75 in court costs at the time the warrant for probation revocation was issued, with an arrearage of at least $225. See State v. Black, No. E1999-01391-CCA-R3-CD, 2000 WL 739463, at *2 (Tenn. Crim. App. at Knoxville, June 8, 2000). Accordingly, the trial court's decision to revoke the appellant's probation is supported by substantial evidence. State v. Vance, No. 03C01-9808-CC-00317, 1999 WL 692865, at *2 (Tenn. Crim. App. at Knoxville, August 31, 1999).

The appellant does not contest the revocation of his probation. However, the appellant does maintain that the judgment of the trial court, compelling him to serve the full balance of his sentence in confinement, is not supported by the evidence. Specifically, the appellant contends that the trial court erred by failing to order a less restrictive alternative than confinement for the remainder of his sentence, and by failing to apply the sentencing considerations contained in Tenn. Code Ann. § 40-35-103(1997). Furthermore, the appellant asks this court to find that the trial court should have ordered a lesser period of incarceration following his first violation of probation and restored him to supervised probation. We conclude that the trial court did not err in ordering the appellant to serve the balance of his sentence in confinement.

Pursuant to a probation violation, a trial court may revoke an appellant's probation and, in the trial court's discretion, order the appellant to serve the original sentence imposed. See Tenn. Code Ann. § 40-35-310, -311(1997); State v. Love, No. 02C01-9805-CC-00134, 19998 WL 756747, at *2 (Tenn. Crim. App. at Jackson, October 30, 1998). Furthermore, "there is no requirement that more than one probation violation must occur before [an appellant's] probation may be revoked." Vance, 1999 WL 692865, at *2.

Moreover, "this court has held that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative punishment." Vance, 1999 WL 692865, at *2; see also Black, 2000 WL 739463, at *2. Additionally, this court has found that the trial court need not reference sentencing principles when determining the proper sanction following a probation revocation. Id.; see also State v. Williamson, No. 02C01-9507-CC-00201, 19996 WL 551793, at *2 (Tenn. Crim. App. at Jackson, September 30, 1996).

Regardless, the trial court did factor the sentencing considerations of Tenn. Code Ann. § 40-35-103 into his decision. Tenn. Code Ann. § 40-35-103(1)(C) states that a sentence

involving confinement should be based on whether measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant. The trial court's attempt at probation proved unsuccessful in deterring this appellant from committing further driving violations. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). Additionally, the trial court took into consideration the appellant's lack of rehabilitative potential in sentencing the appellant to incarceration. Tenn. Code Ann. § 40-35-103(5). At the sentencing hearing, the appellant's attorney admitted that because of the appellant's alcohol abuse problem, the appellant would be "vulnerable [in the future] to getting a DUI." Moreover, the trial court specifically found that, based on the appellant's past criminal history and his behavior while on probation, that the appellant had little to no potential for rehabilitation. Accordingly, the trial judge acted within his discretionary authority in ordering the appellant incarcerated for the balance of his original sentence. See State v. Mitchell, 810 S.W.2d 733, 736 (Tenn. Crim. App. 1991).

### III. Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE