IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2003

## STATE OF TENNESSEE v. DANIEL BILBREY

**Direct Appeal from the Criminal Court for Pickett County**
**No. 640     Lillie Ann Sells, Judge**

_____

**No. M2002-01043-CCA-R3-CD - Filed March 3, 2004**

_____

Following a judicial diversion revocation hearing, the trial court sentenced Defendant to six years in the Tennessee Department of Correction in accordance with the terms of his plea agreement which had been negotiated at the time Defendant pled guilty to one count of aggravated assault. The trial court sentenced Defendant without conducting a sentencing hearing. Defendant now appeals his sentence of confinement arguing that the terms of his plea agreement called for a probated sentence in the event his judicial diversion was subsequently revoked. Alternatively, Defendant argues that the terms of his plea agreement did not survive the revocation of his judicial diversion, and the trial court should have conducted a sentencing hearing prior to imposing Defendant's sentence. Defendant also argues that the trial court erred in requiring him to report to his probation officer as a condition of bond pending appeal. Following a thorough review of the record in this matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

David Neal Brady, District Public Defender; and Cynthia Lyons, Assistant Public Defender, Cookeville, Tennessee, for the appellant, Daniel Bilbrey.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William Edward Gibson, District Attorney General; and Owen Burnett, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Defendant was indicted on two counts of aggravated assault, four counts of assault, and one count of aggravated criminal trespass. On October 30, 2001, Defendant pled guilty to one count of aggravated assault, a Class C felony, pursuant to a negotiated plea agreement. The terms of the agreement set the length and manner of service of Defendant's sentence at six years as a Range I,

standard offender, all of which was suspended, and Defendant was placed on probation. The plea agreement stated that the first four years of Defendant's suspended sentence would be served on supervised probation. If Defendant encountered no problems during this time, the remaining two years would be served on unsupervised probation. As part of the agreement, the State withdrew the other charges against Defendant and agreed not to oppose Defendant's application for judicial diversion.

At the guilty plea submission hearing on October 30, 2001, Defendant's counsel informed the trial court of the terms of the negotiated plea agreement, and the trial court conducted the following inquiry:

THE COURT: Let me ask, is this a six-year sentence or is it six years diversion.

[PROSECUTION]: It's a six-year sentence, six years diversion, four years supervised and two years unsupervised.

THE COURT: All right. So then if he were to be revoked, then there would be a six-year sentence to be served.

[DEFENSE COUNSEL]: Yes, sir.

[PROSECUTION]: That's correct.

THE COURT: All right. Now, judicial diversion is being recommended, [Defendant], and diversion would be a way in which you could complete the probationary period and then have the record expunged. There would be no conviction. But should you not complete diversion successfully, then this plea goes down as a final judgment and you will have a conviction for a felony and that will be used against you the rest of your life. Do you understand that?

[DEFENDANT]: Yes.

The trial court accepted Defendant's plea of guilty and the negotiated plea agreement. The trial court placed Defendant on judicial diversion in accordance with the terms of his agreement. The trial court warned Defendant that "[a] positive drug screen could result in your diversion being revoked and your having to face the six-year sentence."

A judicial diversion order was entered the same day, deferring Defendant's six-year sentence as a Range I, standard offender until October 30, 2007. The trial court placed Defendant on

supervised probation for four years, and unsupervised probation for the next two years. The trial court subjected Defendant's probation to several conditions including his agreement not to violate any laws and to submit to random drug screens.

A warrant for violation of probation was issued on January 10, 2002, alleging that Defendant had violated the terms of his probation when he tested positive for marijuana on December 27, 2001. A revocation hearing was held on March 21, 2002, but the tape of the hearing was destroyed by a flood in the court reporter's storage building. Defendant filed a "statement of evidence" in lieu of the transcript of the hearing. According to this statement, Defendant conceded that he had smoked marijuana prior to the drug screen, and the revocation of Defendant's judicial diversion itself is not in dispute. Defendant argued at the hearing, however, that the trial court should sentence him to six years probation as called for in the original plea agreement or, alternatively, conduct a sentencing hearing to determine the manner of service of Defendant's sentence.

As noted above, the trial court revoked Defendant's diversionary probation and sentenced Defendant to a term of six years in the Tennessee Department of Correction without conducting a sentencing hearing. In addition, the trial court ordered Defendant to report to a probation officer as a condition of his bond pending appeal.

## I. Revocation of Judicial Diversion

Defendant's sentencing issues raise questions concerning the proper procedure for sentencing a defendant upon the revocation of his or her judicial diversion when the defendant had entered into a negotiated plea agreement pursuant to Tennessee Rule of Criminal Procedure 11(e)(1)(C) prior to being judicially diverted. Both Defendant and the State argue, on the one hand, that the terms of Defendant's original plea agreement survive the revocation of his judicial diversion. *See State v. Hollie D. Campbell*, No. E2000-00373-CCA-R3-CD, 2001 WL 739240 (Tenn. Crim. App., Knoxville, July 2, 2001)(Witt, J., concurring opinion), *perm. to appeal denied* (Tenn. 2001). Under this position, a sentencing hearing is unnecessary because the parties agreed to a specific sentence. The State, however, interprets Defendant's plea agreement to provide for a sentence of six years confinement upon the revocation of his judicial diversion while Defendant argues that the term and manner of service of his original sentence was a probated six-year term.

Alternatively, Defendant argues that the plea agreement was a nullity once Defendant was placed on judicial diversion pursuant to this Court's majority decision in *Campbell*, 2001 WL 739240, at *2. Defendant contends that by accepting judicial diversion, he waived any claim he might have to the previously agreed upon sentence. *See id.* Upon the revocation of his judicial diversion, therefore, Defendant argues that the trial court erred in failing to conduct a sentencing hearing at which Defendant could present mitigating factors and request alternative sentencing.

When a defendant enters a plea of guilty, the trial court may defer further proceedings and place a qualified defendant on probation without entering a judgment of guilty. Tenn. Code Ann. § 40-35-313(a)(1)(A). This proceeding is commonly referred to as "judicial diversion" by the courts.

*State v. Norris*, 47 S.W.3d 457, 462 (Tenn. Crim. App. 2000) (quoting *State v. Stephen J. Udzinski and Donna Stokes*, No. 01C01-9610-CC00431, slip op. at 9, 1998 WL 4492 (Tenn. Crim. App., Nashville, Feb. 4, 1998)(minority opinion)). The period of deferral shall not be more than the maximum sentence for the felony of which the defendant is charged. Tenn. Code Ann. § 40-35-313(a)(1)(A). If a defendant successfully completes his probation, then the trial court is required to dismiss the proceedings against the defendant, and the defendant may apply for the expungement of all official records relating to the defendant's case. *Id.* § 40-35-313(a)(2). If, on the other hand, the defendant violates a condition of his probation, "the court may enter an adjudication of guilt and proceed as otherwise provided." *Id.*

The procedures utilized in the revocation of a judicial diversion were addressed in general terms by this Court in *State v. Johnson*, 15 S.W.3d 515 (Tenn. Crim. App. 1999). We noted that if an alleged violation of judicial diversion occurs, "this matter shall proceed under the ordinary procedure for revocation of probation." *Id*. at 519 (citing Tenn. Code Ann. § 40-35-311(a)). Once a trial court determines that a violation has occurred, the trial court shall proceed to sentence the defendant for the original offense pursuant to the standard provisions of the Sentencing Act. *Id.* (citing Tenn. Code Ann. §§ 40-35-313(a)(2) and -101, *et. seq.)* The *Johnson* court, however, did not address the distinctions, if any, in sentencing a defendant following a judicial diversion revocation whose previously negotiated plea agreement specified the length and manner of service of the agreed upon sentence as opposed to a defendant who had entered an "open" plea of guilty.

Rule 11(e) permits a defendant and the district attorney general to enter into discussions "with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the district attorney will do any of the following: (A) [m]ove for dismissal of other charges; or (B) [m]ake a recommendation, or agree not to oppose the defendant's request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or (C) [a]gree that a specific sentence is the appropriate disposition of the case." Tenn. R. Crim. P. 11(e)(1)(A) - (C).

Although not an exclusive list, Rule 11, contemplates three distinct types of plea agreements. *Id.*, Advisory Commission Comments. A plea agreement under Rule 11(e)(1)(A) envisions a plea of guilty to certain charges in exchange for the State's dismissal of other charges. In a Rule 11(e)(1)(B) plea agreement, the defendant agrees to plead guilty with a recommended sentence from the state, but the state's recommendation is not binding upon the trial court. A plea agreement under Rule 11(e)(1)(C) contains the agreement of both parties as to a specific sentence in the disposition of the case. *See Goosby v. State*, 917 S.W.2d 700, 706 (Tenn. Crim. App. 1995).

In *Goosby*, this Court discussed the trial court's role after the negotiation of a plea agreement under Rule 11:

> A court retains discretion to accept or reject an (e)(1)(A) or (e)(1)(C) plea. In an (e)(1)(B) plea, the court is required to advise the defendant that the court is not bound by the prosecution's recommendation. If the court rejects the terms of an (e)(1)(B)

agreement, the trial judge must advise the defendant personally in open court that since the court is not bound by the agreement, defendant's persistence in the plea may result in a disposition less favorable than that contemplated by the agreement. Once an (e)(1)(B) guilty plea is accepted by the court, the defendant may not withdraw his plea. If, however, the court rejects the terms of a 'binding plea' pursuant to (e)(1)(A) or (C), then the defendant may withdraw the guilty plea since the plea is conditioned upon a specific result.

*Goosby*, 917 S.W.2d at 706.

Because a Rule 11(e)(1)(B) plea agreement leaves sentencing to the discretion of the trial court, a separate sentencing hearing is necessary to determine the length and manner of service of the defendant's sentence. Tenn. Code Ann. § 40-35-201(a). If the district attorney general and the defendant, however, have agreed upon a specific sentence, then a separate sentencing hearing or presentence report is not necessary, and the trial court may immediately impose sentencing if it accepts the defendant's plea of guilty. Tenn. Code Ann. §§ 40-35-203(b); 40-35-205(d). Moreover, the trial court may not modify a specific sentence in a Rule 11(e)(1)(C) plea agreement unless the interests of justice so require. *State v. Hargrove*, No. 01S01-9203-CC-00035, 1993 WL 300759, slip op. at 3 (Tenn., Nashville, Aug. 9, 1993)*; State v. McDonald*, 893 S.W.2d 945, 947 (Tenn. Crim. App. 1994).

With this as background, we turn to Defendant's arguments concerning the viability of a Rule 11(e)(1)(C) plea agreement when a defendant's judicial diversion is revoked by the trial court. As noted above, when the trial court grants a defendant's request for judicial diversion, the proceedings against the defendant are placed in abeyance without the entry of a judgment of guilty. Tenn. Code Ann. § 40-35-313(a). Once a violation of the defendant's probation is determined, the trial court enters an adjudication of guilt and proceeds "as otherwise provided." *Id.* §40-35-313(a)(2).

The Defendant argues that he should be sentenced in accordance with the original terms of his negotiated plea agreement and cites Judge Witt's concurring opinion in *Campbell*, 2001 WL 739240, at *5-6 in support of his position. In *Campbell*, the defendant was indicted on eight counts of forgery. She entered into a negotiated plea agreement under Rule 11 of the Tennessee Rules of Criminal Procedure whereby she would receive concurrent one-year sentences for each of the eight forgery counts in exchange for her plea of guilty. The trial court granted the defendant's request for judicial diversion, and she was placed on probation for three years. The defendant subsequently violated the terms of her probation. Following a revocation hearing, the defendant was sentenced to two years in the Tennessee Department of Correction. Her sentence was again suspended and she was placed on probation for three years. The defendant then appealed the length of her sentence, arguing that the trial court was without authority to impose a sentence greater than that contemplated in her negotiated plea agreement.

This Court disagreed, noting that following a judicial diversion revocation, the trial court must proceed to sentence the defendant for the original offenses under the standards established by

the Sentence Act. Under the facts of that case, this Court concluded that the defendant had waived her claim to the sentence reflected in the negotiated plea agreement when she requested and was granted judicial diversion. *Campbell*, 2001 WL 739240, at *2.

Judge Witt wrote a separate opinion, concurring only in the results reached by the majority. *Id.*, at *5 (Witt, J., concurring). Judge Witt pointed out that it was not clear from the record in *Campbell* whether the defendant's plea agreement was entered into pursuant to Rule 11(e)(1)(B) or (C). *Id.*, at *6. Judge Witt cautioned that the parties to a plea agreement may very well intend "that the agreed sentence [pursuant to Rule 11(e)(1)(C)] would be imposed, not only in the event of a denial of diversion, but also in the event of a grant and subsequent revocation of judicial diversion." *Id.*, at *5. "In this line of reasoning, the trial court holds the accepted plea and plea agreement in repose, embarks upon a judicial diversion hiatus, and then, if the diversion probation is revoked, returns to the plea and plea agreement that was left on the table." *Id.*

The defendant in *Campbell*, however, did not show to the trial court that the parties intended for the defendant's negotiated sentence to survive the revocation of judicial diversion. The trial court essentially treated the plea agreement as an "open" plea when the defendant's judicial diversion was revoked, and the defendant failed to prove a different interpretation. *Id.*, at *6.

In *State v. Nkobi I. Dunn*, No. E2001-02120-CCA-R3-CD, 2002 WL 31863292 (Tenn. Crim. App., Knoxville, Dec. 23, 2002), *no perm. to appeal filed*, the defendant was charged with one count of possession of drug paraphernalia, a Class A misdemeanor, and one count of possession for resale of less than .5 grams of a Schedule II controlled substance, a Class C felony. The defendant entered a plea of guilty pursuant to Tennessee Code Annotated section 40-35-313 and was placed on judicial diversion for three years. When the defendant's judicial diversion was subsequently revoked, the trial court sentenced the defendant to eleven months and twenty-nine days for the misdemeanor conviction and three years confinement for the felony conviction without conducting a separate sentencing hearing. *Id.,* at *1.

A panel of this Court concluded that under the facts of that case, the defendant was entitled to a sentencing hearing after the revocation of his judicial diversion. The defendant had entered a guilty plea in exchange for judicial diversion without the entry of a judgment of guilt. Once an adjudication of guilt was entered, the trial court was obligated to sentence defendant for the original offenses under the standards of the sentencing act. Because the defendant had entered an open plea, he was entitled to a sentencing hearing at which time he could present mitigating evidence and request alternative sentencing. *Id.,* at *2.

Once again, Judge Witt in his concurring opinion observed that the defendant's plea in this case was an open plea, and the negotiated plea agreement did not reflect a specific sentence. *See* Tenn. R. Crim. P. 11(e)(1)(B) and (C). There was no indication in the record of any terms of the defendant's plea agreement beyond the guilty plea document and no evidence that a sentencing hearing was held or waived. "[T]he trial court, having apparently received and accepted open pleas made in conjunction with the diversion provisions of Tennessee Code Annotated section 40-35-

313(a), was positioned and obliged, after revocation of the judicial diversion probation, to resume the case at the pre-diversion point of departure." *Id.,* at *3. Judge Witt, however, observed again that "[h]ad the plea agreement contained specific, properly articulated sentencing provisions pursuant to Rule 11(e)(1)(C), they may have survived the revocation of judicial diversion probation, depending upon the terms as accepted by the court." *Id.*

We find this analysis persuasive under the facts presented in the case *sub judice*. As evidenced by the transcript of Defendant's guilty plea submission hearing, it is clear that both the parties and the trial court intended for Defendant's sentence of six years to survive any subsequent revocation of his judicial diversion. During the guilty plea submission hearing, the trial court clearly explained that if the judicial diversion were revoked, "then there would be a six year sentence to be served." Defendant, through counsel, agreed to those terms. The trial court accepted Defendant's negotiated plea agreement and ordered Defendant's six-year sentence deferred until October 30, 2007. Upon a finding by the preponderance of the evidence that Defendant had violated the terms of his probation, the trial court was obligated to enter an adjudication of guilt and "proceed as otherwise provided." Tenn. Code Ann. § 40-35-313(a)(2). According to the provisions of the Sentencing Act, the trial court may proceed to sentence Defendant for the original offense in accordance with the terms of his Rule 11(e)(1)(C) plea agreement without conducting a separate sentencing hearing. *Id.,* §§ 40-35-203(b) and -205(d); *Johnson*, 15 S.W.3d at 519. Thus we conclude, under the facts presented in this case, that the trial court did not err in sentencing Defendant upon the revocation of his judicial diversion without conducting a sentencing hearing. Accordingly, we need not address Defendant's alternative argument that a sentencing hearing is required.

## II. Terms of the Plea Agreement

Defendant argues that the terms of his original plea agreement call for the imposition of a probated sentence in the event his judicial diversion is subsequently revoked and points out that the word "confinement" is not mentioned in the plea agreement. Defendant contends that he and the State agreed to a probated sentence in exchange for Defendant's guilty plea, and that this plea was deferred when Defendant asked for and received judicial diversion. Defendant apparently views "judicial diversion" as a form of alternative sentencing separate and apart from "probation." We respectfully disagree with this position.

The term "judicial diversion" is an appellation used by the courts to distinguish it from section 40-15-105 pretrial diversion and is not used in the governing statute. Tenn. Code Ann. § 40-35-313; *Norris*, 47 S.W.3d at 462. Tennessee Code Annotated section 40-35-313 is a probation statute with the distinguishing feature that the trial court may grant probation under this section without entering a judgment of guilt. *Norris*, 47 S.W.3d at 462. Obviously judicial diversion is a more favorable form of probation than serving one's sentence through an ordinary probation, but judicial diversion is nonetheless a probationary sentence. *Compare* Tenn. Code Ann. § 40-35-313 *with* §40-35-303. An allegation that a diversionary probation has been violated must follow the same procedures as those used for an alleged violation of an ordinary probation. *State v. Alder*, 108

S.W.3d 263, 266 (Tenn. Crim. App. 2002) (citing *Johnson*, 15 S.W.3d at 519). Upon finding by a preponderance of the evidence that a defendant has violated the terms of his or her probation, the trial court may revoke the probation and suspension of sentence "and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code. Ann. § 40-35-310.

In the instant case, Defendant was extended his bargained for probated sentence with the additional benefit that the trial court delayed the entry of a judgment of guilt during the term of his probation. The trial court thoroughly examined the terms of Defendant's plea agreement during Defendant's guilty plea submission hearing, and warned Defendant that he would have to serve his six-year sentence if he violated the conditions of his probation. Defendant subsequently conceded that he violated the terms of his probation. The trial court's order of confinement upon a finding by a preponderance of the evidence that Defendant violated the terms of his probation reflects the terms of the plea agreement accepted by the parties and the trial court. Defendant is not entitled to relief on this issue.

## III. Conditions of Bond Pending Appeal

Defendant also argues, and the State agrees, that the trial court erred by requiring Defendant to report to his probation officer as a condition of his bond. A trial court is authorized to release a defendant on bail pending appellate review of a probation revocation order. Tenn. R. Crim. P. 32(g). As a condition of bond, the trial court may "[r]elease the defendant into the care of a qualified person or organization responsible for supervising the defendant and assisting the defendant in appearing in court." Tenn. Code Ann. § 40-11-116(b)(1). However, "[t]he board of probation and parole and its officers are not to be considered an appropriate qualified organization or person under this section." *Id.*

Notwithstanding the trial court's error in ordering Defendant to report to his probation officer as a condition of his bond, this issue should have been presented to this Court on motion. *See* Tenn. R. App. P. (8)(a). This issue is moot except as it relates to this Court's setting bond should Defendant decide to file an application for permission to appeal to the Tennessee Supreme Court. *See State v. James Cravens*, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174 (Tenn. Crim. App., Nashville, Oct. 2, 2003).

### CONCLUSION

Following a thorough review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE