# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

FILED

September 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## AT NASHVILLE

### AUGUST 1999 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9812-CC-00494 |
| Appellee, | ) | |
| | ) | WILLIAMSON COUNTY |
| VS. | ) | |
| | ) | HON. TIMOTHY L. EASTER, |
| STROHN JOHNSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing - Revocation of Judicial |
| | ) | Diversion) |

**FOR THE APPELLANT:**

MARK C. SCRUGGS
P. O. Box 158932
Nashville, TN 37215-8932

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General and Reporter

MARK E. DAVIDSON
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

RONALD L. DAVIS
District Attorney General

LEE E. DRYER
Assistant District Attorney General
Williamson Co. Courthouse
Ste. G-6
P. O. Box 937
Franklin, TN 37065-0937

**OPINION FILED:** _____

**AFFIRMED; REMANDED FOR ENTRY OF JUDGMENT**

**JOE G. RILEY, JUDGE**

## **O P I N I O N**

Defendant, Strohn Johnson, appeals the revocation of his judicial diversion for simple possession of marijuana and imposition of the sentence requiring him to serve 100 days in split confinement followed by probation. The sole issue on appeal is whether the trial court erred in requiring the defendant to serve 100 days in confinement. We **AFFIRM** the judgment of the trial court relating to the sentence but **REMAND** for entry of a formal judgment of conviction.

## **FACTUAL BACKGROUND**

Indicted for the offense of simple possession of marijuana, the defendant entered a plea of guilty on March 2, 1998. The trial court placed the defendant on judicial diversion pursuant to Tenn. Code Ann. § 40-35-313(a)(1)(A). The defendant was placed on probation for a period of 11 months and 29 days.[1]

On August 5, 1998, the defendant tested positive for marijuana, cocaine and benzodiazapam, a form of valium. These results were confirmed by the Redwood Toxicology laboratory. Defendant was cited into court on a probation violation.

At the revocation hearing, the defendant conceded that he was a frequent user of marijuana while he was on probation. He denied knowingly using cocaine and stated if he ingested cocaine, a marijuana "blunt" must have been laced with cocaine by someone else. His explanation for the benzodiazapam was a pill given

---

[1]Defendant was also ordered to serve 48 hours in the county jail. This Court has previously noted that imposing a jail term as a condition of probation is incompatible with the provisions of the judicial diversion statute. *See* State v. James C. Wolford, C.C.A. No. 03C01-9708-CR-00319, Hamilton County (Tenn. Crim. App. filed February 18, 1999, at Knoxville); State v. Paul David Cable, C.C.A. No. 03C01-9409-CR-00349, Carter County (Tenn. Crim. App. filed June 1, 1995, at Knoxville). Since the 48 hours has been served, the issue is moot. However, we direct that on remand the defendant be credited with 48 hours toward the 100 days of confinement.

him by his mother for back pain. He further acknowledged he had not taken the necessary steps to receive drug treatment.

The trial court found the defendant had violated his probation, revoked judicial diversion/probation, and sentenced the defendant to serve 11 months and 29 days at 75% in the county jail, suspended after 100 days in confinement. The balance of the sentence was to be served on supervised probation. From this sentence, the defendant appeals.

## JUDICIAL DIVERSION

Tenn. Code Ann. § 40-35-313(a)(1)(A) provides that if a person is found guilty or pleads guilty to certain offenses, the trial court may, without the entry of a judgment of guilt and with consent of such person, defer further proceedings. The defendant is placed on probation with reasonable conditions for not less than the period of the maximum sentence for the misdemeanor offense with which the defendant is charged, or not more than the maximum sentence for the felony offense with which the defendant is charged. *Id.* Upon violation of probation, the court may then enter an adjudication of guilt and proceed to sentencing. Tenn. Code Ann. § 40-35-313(a)(2).

## STANDARD OF REVIEW

Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). We adopt

3

these same standards in determining whether the trial court erred in finding a probation violation and entering an adjudication of guilt under the judicial diversion statute.

At the revocation hearing the defendant conceded that he had been a frequent user of marijuana while on probation. Thus, the record contains substantial evidence to support the conclusion of the trial court that a violation of probation occurred. There was no abuse of discretion by the trial court in finding the violation of probation and entering the adjudication of guilt.

## SENTENCING

Upon finding the probation violation, the trial court properly proceeded to sentence the defendant for the original offense. In sentencing the defendant for the misdemeanor offense of simple possession of marijuana, the trial court noted the evidence at the revocation hearing and defendant's failure to cease the use of illegal drugs. The court further noted the defendant's failure to seek treatment and his failure to take advantage of the opportunity granted him under judicial diversion. Thus, the trial court concluded that measures less restrictive than confinement had been unsuccessful. *See* Tenn. Code Ann. § 40-35-103(1)(C). The trial court did not err by considering defendant's conduct while on judicial diversion/probation in sentencing the defendant.

Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See* State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinate sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Tenn. Code Ann. § 40-35-302(d).

4

The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). We further note that the trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

Given the flexibility traditionally granted to the trial court in misdemeanor sentencing, we find no error in requiring the defendant to serve 100 days of his sentence of 11 months and 29 days. Probation served in conjunction with judicial diversion proved unsuccessful in deterring defendant's illicit drug usage. Defendant had repeatedly violated the terms of his probation by frequently using marijuana.

## PROCEDURES FOR REVOCATION OF JUDICIAL DIVERSION

Although not raised as an issue, we take this opportunity to clarify the procedure to be utilized in cases involving the revocation of judicial diversion. There does not appear to be a consistent pattern across the state relating to this procedure. We suggest the following:

1. Upon placing a defendant on judicial diversion, the trial court shall enter an order reflecting the grant of judicial diversion, the length and conditions of probation, and that further proceedings are deferred. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A). This shall be by order and not by the entry of the customary judgment of conviction form. A standard probation order may also be entered. Jail time may not be imposed as a condition of probation under the judicial diversion statute.

5

2. If there is an alleged violation of probation, the matter shall proceed under the ordinary procedure for revocation of probation. *See* Tenn. Code Ann. § 40-35-311(a).

3. If the trial court determines by a preponderance of the evidence that the defendant has violated probation, the trial court may find a violation of probation. *See* Tenn. Code Ann. § 40-35-311(e).

4. Upon finding a violation of probation, the trial court shall proceed to sentence the defendant for the original offense. *See* Tenn. Code Ann. § 40-35-313(a)(2). Sentencing shall proceed pursuant to the standard provisions of the Sentencing Act. *See* Tenn. Code Ann. § 40-35-101 *et seq.*

5. The trial court shall then enter a standard judgment of conviction form reflecting the sentence. Either under the special conditions portion of the judgment form or by separate order, there should also be a notation that the judgment is being entered pursuant to the judicial diversion statute based upon a violation of probation.

## REMAND FOR ENTRY OF PROPER JUDGMENT OF CONVICTION

In the instant case, the trial court entered an order reflecting the probation violation and sentence imposed. For purposes of clarity and consistency, we remand this matter to the trial court for entry of a standard judgment of conviction form reflecting the sentence. It shall also contain a notation that the judgment is entered pursuant to the judicial diversion statute based upon defendant's violation of probation. Credit shall be given for the 48 hours previously served by defendant.

6

## CONCLUSION

Based upon the record before this Court, we **AFFIRM** the judgment of the trial court relating to the sentence but **REMAND** for entry of a proper judgment of conviction consistent with this Opinion.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**THOMAS T. WOODALL, JUDGE**


_____
**L. T. LAFFERTY, SENIOR JUDGE**