IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. JULIANN LYNN WHITEHEAD

**Appeal as of Right from the Circuit Court for Blount County**
**Nos. C-11519 & 11520      D. Kelly Thomas, Jr., Judge**

---

**No. E2000-00031-CCA-R3-CD**
**March 15, 2001**

---

The appellant, Juliann Lynn Whitehead, pled guilty in the Blount County Circuit Court to one count of burglary, a class D felony, and one count of theft under $500, a class A misdemeanor. The trial court sentenced the appellant to four years incarceration in the Tennessee Department of Correction for the burglary conviction and to eleven months and twenty-nine days incarceration in the Blount County Jail for the theft conviction. The trial court ordered that these sentences run concurrently, and allowed the appellant to serve her sentences on intensive probation. During a random drug screen conducted by the appellant's probation officer approximately three months after sentencing, the appellant tested positive for cocaine. Additionally, the appellant admitted to her probation officer that she had left the state without permission. Pursuant to a probation revocation hearing, the trial court revoked the appellant's probation and ordered her to serve the balance of her sentences in the Tennessee Department of Correction and recommended that she be placed into a Special Needs Facility to assist with her substance abuse and mental health problems. On appeal, the appellant raises the following issue for our review: whether the trial court erred in sentencing the appellant to serve the balance of her sentences in the Tennessee Department of Correction after revoking her probation. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Mack Garner, Maryville, Tennessee, and Julie A. Rice, Knoxville, Tennessee, for the appellant, Juliann Lynn Whitehead.

Paul G. Summers, Attorney General and Reporter, R. Stephen Jobe, Assistant Attorney General, Michael L. Flynn, District Attorney General, and Kirk Andrews and Edward P. Bailey, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## I. Factual Background

In August 1999, the appellant, Juliann Lynn Whitehead, pled guilty in the Blount County Circuit Court to one count of burglary, a class D felony, and one count of theft under $500, a class A misdemeanor. The trial court sentenced the appellant to four years incarceration in the Tennessee Department of Correction for the burglary conviction and to eleven months and twenty-nine days incarceration in the Blount County Jail for the theft conviction. The trial court ordered that these sentences run concurrently and allowed the appellant to serve her sentences on intensive probation. During a random drug screen conducted by the appellant's probation officer in November 1999, the appellant tested positive for cocaine. Additionally, the appellant admitted to her probation officer that she had left the state without permission. Furthermore, the appellant refused to cooperate in any additional drug testing.

At the appellant's probation revocation hearing, the appellant admitted that she had violated the terms of her probation. The appellant asked the trial court to allow her to participate in the Drug Court program. The appellant further stated that, if she could not participate in the Drug Court, she preferred going to prison over being sent to a halfway house. The trial court observed that, because the appellant had a prior violent felony conviction, she was ineligible to participate in the Drug Court program.[1] The trial court also noted that the appellant had previously violated other attempts at probation on two or three occasions. Additionally, the trial court remarked that the appellant needed to be placed in a secure, structured environment in order to succeed in rehabilitation. Accordingly, the trial court revoked the appellant's probation and sentenced her to serve the balance of her sentences in the Tennessee Department of Correction with a recommendation that she be placed into a Special Needs Facility to assist with her substance abuse and mental health problems. On appeal, the appellant raises the following issue for our review: whether the trial court erred in sentencing the appellant to serve the balance of her sentences in the Tennessee Department of Correction after revoking her probation.

## II. Analysis

The appellant argues that the trial court erred by failing to consider alternative sentencing options and instead ordering her to serve the balance of her sentences in confinement. First, the appellant notes that the trial court did not consider sentencing principles when ordering her to serve her sentences in confinement; accordingly, the appellant maintains that this court must review the trial court's findings de novo. However, this court has previously stated that,

> [w]hile the consideration of statutory sentencing principles is
> mandatory in determining a criminal defendant's original sentence,
> reference to these principles is not necessary in determining the
> appropriate sanction following revocation of probation. . . . [T]he
> appropriate standard of review here is abuse of discretion.

State v. Howard Luroy Williamson, Jr., No. 02C01-9507-CC-00201, 1996 WL 551793, at *2 (Tenn. Crim. App. at Jackson, September 30, 1996) (citation omitted); see also State v. Troy McLemore, No. 03C01-9709-CC-00406, 1998 WL 422339, at *2 (Tenn. Crim. App. at Knoxville, July 28,

---

[1] See Tenn. Code Ann. § 40-36-106 (1997)(eligibility for community corrections).

1998).  Thus, we will not overturn the judgment of the trial court absent an abuse of discretion.  See State v. Johnson, 15 S.W.3d 515, 517 (Tenn. Crim. App. 1999), perm. to appeal denied, (Tenn. 2000).

Initially we note that a trial court is authorized to order an appellant to serve the balance of her original sentence in confinement upon finding, by a preponderance of the evidence, that the appellant has violated the terms of her probation.  See Tenn. Code Ann. § 40-35-310(d) (1997) and § 40-35-311(d) (1997); see also State v. Derrick Burkeen, No. 01C01-9708-CC-00358, 1998 WL 391758, at *2 (Tenn. Crim. App. at Nashville, July 15, 1998). The appellant's probation officer testified that the appellant had tested positive for cocaine and had left the state without permission.  At the probation revocation hearing, the appellant admitted that she had violated her probation.  Accordingly, the trial court was justified in finding that the appellant had violated the terms of her probation.  See Johnson, 15 S.W.3d at 518; State v. Roger Dale Vance, No. 03C01-9808-CC-00317, 1999 WL 692865, at *2 (Tenn. Crim. App. at Knoxville, August 31, 1999).

The appellant does not dispute that the trial court correctly revoked her probation. However, the appellant argues that the trial court erred in failing to consider alternatives to confinement, specifically introduction into a halfway house.  We note that the trial court found that the appellant has violated the terms of probation two or three times in the past, making the appellant an unsuitable candidate for alternative sentencing.  See Tenn. Code Ann. § 40-35-103(1)(c) (1997); see also State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995); State v. Daryl McKinley Robinson, No. W1999-01386-CCA-R3-CD, 2000 WL 546209, at *3 (Tenn. Crim. App. at Jackson, May 4, 2000).  Additionally, as this court has repeatedly stated, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing."  State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, February 10, 1999); see also, State v. James Moffit, No. 01C01-9010-CC-00252, 1991 WL 44992, at *2 (Tenn. Crim. App. at Nashville, April 4, 1991).  Therefore, we conclude that the trial court did not abuse its discretion in failing to impose an alternative sentence upon the appellant.

### III.  Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE