IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 3, 2002

**STATE OF TENNESSEE v. JOE DAVID HILLIARD**

**Direct Appeal from the Circuit Court for Carroll County**
**No. 01CR1746     C. Creed McGinley, Judge**

---

**No. W2002-00873-CCA-R3-CD  - Filed January 13, 2003**

---

The defendant was convicted by a Carroll County jury of simple assault and sentenced by the trial court to eleven months and twenty-nine days, with all jail time suspended except for sixty days in the county jail. The sole issue in this appeal is whether the trial court erred in denying total probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. ALAN E. GLENN, J., not participating.

Dwayne D. Maddox, III, Huntingdon, Tennessee, for the appellant, Joe David Hilliard.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was indicted by the Carroll County Grand Jury for the offense of aggravated assault based upon injuries he inflicted upon the victim, Mark Webb, on June 16, 2001. The jury found the defendant guilty of the lesser-included offense of simple assault. The trial court sentenced the defendant to eleven months and twenty-nine days, but suspended the sentence with the exception of sixty days of incarceration. The defendant now appeals the denial of total probation. We see no reason to disturb the judgment of the trial court.

**FACTS**

The state's proof at trial revealed that the victim was invited to and attended a party at the residence of Amber Sanders at approximately 11:00 p.m. on June 16, 2001, where he consumed four beers. At approximately 1:30 a.m., the defendant, who attended the party uninvited and was also drinking beer, confronted the victim concerning a problem with an automobile the victim bought from the defendant's stepfather some two years prior. The defendant yelled at and cursed the victim and pushed him to the ground, although the victim never touched or threatened the defendant. The victim arose, walked away and looked back at the defendant, at which time the defendant rendered the victim unconscious by striking him in the face with his fist.

The victim was treated at the local emergency room where he received stitches to his forehead, eye and lip. He further suffered three facial fractures and a fractured frontal sinus. The sentencing hearing testimony indicated the victim underwent surgery for the nose fracture after trial. The victim had substantial medical expenses and missed three weeks of work as a result of his injuries.

The defendant testified at trial that it was the victim who started the argument; the defendant pushed him down; the victim arose and went behind a vehicle to its trunk; the victim then approached the defendant; and the defendant struck the victim, fearing the victim might have a weapon.

As stated, the defendant was tried for the offense of aggravated assault. The jury rejected the defendant's self-defense theory and found the defendant guilty of the lesser-included offense of simple assault.


## SENTENCING FINDINGS

In requiring the defendant to serve sixty days of incarceration, the trial court noted the "brutality" of the attack by the defendant, who was an uninvited guest at the party. The trial court further noted that the defendant "blind-side[d]" and "sucker punch[ed]" the victim, thereby causing him to incur substantial medical expenses for his significant injuries. In doing so, the trial court, like the jury, implicitly rejected the defendant's trial testimony regarding the facts surrounding the assault. The trial court also noted that the defendant was much larger than the victim.[1]

---

[1]Trial testimony indicated the victim weighed approximately 130 pounds. Defendant's application for pretrial diversion indicates that the defendant weighed 185 pounds.

The trial court considered the defendant's relatively young age of twenty-four, his employment history, and his current status on child support as positive factors.[2] However, the trial court concluded that the facts and circumstances surrounding the offense indicated the need for sixty days of "shock incarceration."

**STANDARD OF REVIEW**

It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The defendant has the burden of establishing suitability for total probation. Tenn. Code Ann. § 40-35-403(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). A defendant seeking total probation bears the burden on appeal of showing the sentence imposed is improper, and that total probation will be in the best interests of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

Unlike the felon, a defendant convicted of a misdemeanor enjoys no presumption of a minimum sentence. State v. Humphreys, 70 S.W.3d 752, 768 (Tenn. Crim. App. 2001). Still, the trial court should consider enhancement and mitigating factors, the purposes of the Criminal Sentencing Reform Act of 1989, and general sentencing principles in imposing the sentence. Tenn. Code Ann. § 40-35-302(d). A trial court is allowed greater flexibility in setting misdemeanor sentences than felony sentences. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999).

---

[2]The defendant contends in his brief that he "has no prior record of any kind." At the sentencing hearing, the prosecutor responded in the negative when asked by the trial court whether the defendant had "any prior record." Defense counsel argued at the sentencing hearing that the defendant "does not have any prior convictions." The defendant did not testify at the sentencing hearing. We note the defendant's sworn application for diversion indicates the following criminal history:

> August 1, 1997 - Simple Assault, Carroll County General Sessions, Defendant placed on Pre-Trial Diversion and case was dismissed.
>
> January 27, 1998 - Theft Under $500.00, Carroll County General Sessions, Defendant placed on unsupervised probation, which he completed.

Neither the parties nor the trial court mentioned the theft at the sentencing hearing. Because this was not explored at the hearing, we decline to further address it.

## ANALYSIS

We conclude that the defendant has not met his burden of establishing his entitlement to total probation.  The trial court properly considered the nature and circumstances of the offense in which the much larger defendant, an uninvited guest at the party, blind-sided the smaller victim, thereby causing him significant injuries which necessitated surgery and substantial medical expenses.  In consideration of the flexibility allowed the trial court in misdemeanor sentencing, we are unable to conclude the trial court erred in requiring sixty days of incarceration for this misdemeanor offense.

The judgment of the trial court is affirmed.

 

 
_____
JOE G. RILEY, JUDGE