IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 20, 2008

**STATE OF TENNESSEE v. MELVIN NETTLES**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1407     Cheryl A. Blackburn, Judge**

_____

**No. M2007-02405-CCA-R3-CD - Filed October 14, 2008**

_____

The defendant, Melvin Nettles, pleaded guilty to one count of sale of less than .5 grams of cocaine and was sentenced as a Range III offender in Davidson County Criminal Court to an effective 12-year term to be served in a community corrections program.  On October 5, 2007, the trial court revoked the community corrections sentence and ordered the defendant to serve his sentence in the Department of Correction. From that order, the defendant appeals.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Nathan Moore, Nashville, Tennessee, for the appellant, Melvin Nettles.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 25, 2007, the Davidson County Grand Jury indicted the defendant on one count of sale of less than .5 grams of cocaine and one count of facilitation of the sale of less than .5 grams of cocaine.  On July 2, 2007, the defendant pleaded guilty to one count of sale of less than .5 grams of cocaine, a Class C felony.  *See* T.C.A. § 39-17-417(a)(3), (c)(2)(A) (2006).  He received a sentence of 12 years at 45 percent to be served in community corrections and a $2,000 fine.

At the defendant's October 5, 2007 revocation hearing, Brandi Jimerson, an employee of Davidson County Community Corrections, testified that the defendant was supposed to report on July 9, 2007, for a community corrections orientation, but he failed to appear.  Attempts to contact the defendant via the telephone number he provided revealed that the defendant had not lived at the

location of the telephone or at the address he supplied to community corrections since 2006. Ms. Jimerson testified that following the defendant's failure to report, a community corrections violation warrant was presented to the court on July 20, 2007.

Jonathan Frost testified that he is an officer with the Metro Police Department. Officer Frost came into contact with the defendant on the evening of August 11, 2007. The defendant was the passenger of an automobile stopped for having a broken headlight. While the other officer dealt with the driver of the automobile, Officer Frost spoke with the defendant. The driver was taken into custody for possession of drug paraphernalia. Officer Frost testified that the defendant denied possessing any contraband and consented to being searched. Upon searching the defendant, Officer Frost discovered that the defendant was in possession of "a brown baggy with like a little glass tube in it. . . . it was a crack pipe." Officer Frost detained the defendant and discovered his outstanding warrant for a community corrections violation when running his name through the police computer system. Officer Frost then took the defendant into custody on the warrant and for possession of drug paraphernalia.

The defendant testified that the reason he did not report to community corrections was because he was homeless, had no "transportation to get there," and was "going through a hard time trying to . . . get [him]self situated." Furthermore, he suffered a chemical burn to his ankle and was "laid up for like a couple of weeks." The defendant testified that although he previously had a drug problem, he no longer used drugs. He claimed that the drug charge to which he pleaded guilty in July of 2007 was "a bogus charge."

On cross-examination, the defendant testified that the crack pipe found on him at the traffic stop belonged to his friend. It had been under the seat in the car, and he snuck it in to his shoe because he did not expect to be searched. He admitted his criminal record is "very bad" and that he "really couldn't even tell you" how many prior convictions it contained. The defendant testified that prior probationary placements had never been completed because he "never really tried."

The trial court noted that it was "clear [the defendant] violated [c]ommunity [c]orrections because he never showed up. I mean, there's really no good excuse." The court revoked the defendant's community corrections sentence and ordered him to serve his sentence in the Department of Correction. The defendant then filed a timely appeal and alleges that the trial court abused its discretion in revoking his placement in community corrections.

The decision to revoke a community corrections sentence or probation rests within the sound discretion of the trial court and will not be disturbed on appeal unless there is no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"). The trial court is required only to find that the violation of probation or community corrections occurred by a preponderance of the evidence. *See* T.C.A. § 40-

35-311(e) (2006); *see also id.* § 40-36-106(e)(3)(B). In reviewing the trial court's findings, this court is obligated to examine the record and determine whether the trial court exercised a conscientious judgment rather than an arbitrary one. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

If the evidence is sufficient, the trial court may, within its discretionary authority, revoke the community corrections sentence and require the defendant to serve his sentence in confinement. T.C.A. § 40-36-106(e)(4).

The record reflects that the trial court did not abuse its discretion in determining that a violation occurred. We know that "[o]nly one basis for revocation is necessary." *State v. Alonzo Chatman*, E2000-03123-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 5, 2001). The defendant himself admitted at the probation violation hearing that he had failed to report for community corrections. We discern no arbitrary action in the trial court's determination that the defendant violated community corrections. *See State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (holding that a defendant's concession of an act constituting violation of probation constitutes substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion).

Accordingly, the ruling of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE