# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 6, 2009

## STATE OF TENNESSEE v. BETSY B. HULL

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5571C    J. Weber McCraw, Judge**

**No. W2008-01012-CCA-R3-CD   -   Filed May 1, 2009**

The Defendant-Appellant, Betsy B. Hull ("Hull") appeals the revocation of her probation by the Circuit Court for Fayette County. She contends that the trial court erred in denying her motion to continue and in its decision to revoke her probation. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Kari I. Weber, Fayette County Assistant Public Defender, Somerville, Tennessee, for the defendant - appellant, Betsy B. Hull.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

On July 12, 2005, in case number 5571C, Hull pled guilty to one count of possession of Alprazolam, a schedule IV controlled substance, with the intent to deliver and one count of possession of Dihydrocodeinone, a schedule III controlled substance, with the intent to deliver. She received a total effective sentence of three years probation following the service of 135 days in confinement.

In April of 2007, a probation violation report was filed against Hull in case number 5571C alleging the following: (1) new arrests for burglary and trespassing; (2) a positive drug screen for cocaine; and (3) failure to provide proof of payment of fines and court costs. On August 15, 2007, the trial court revoked Hull's probation in case number 5571C. On August 30, 2007, in case number 5923, Hull pled guilty to aggravated burglary and theft of property over $1,000 but less than $10,000 and received an effective sentence of five years probation following the service of 240

days in confinement.  The trial court ordered case number 5923 to be served consecutively to case number 5571C.  In addition, as reflected in the August 30, 2007 order, the trial court reinstated Hull's probation in case number 5571C following the service of the 240 days of confinement from case number 5923.

On March 7, 2008, a second probation violation report was filed against Hull alleging the following: (1) a new arrest and conviction for theft of property under $500; (2) failure to report an arrest; and (3) failure to provide proof of payment of fines and court costs.  A probation revocation hearing was held before the Fayette County Circuit Court on April 3, 2008.  Before the revocation hearing commenced, Hull requested a continuance of the hearing to locate witnesses.  The trial court had previously continued Hull's case on the same grounds.  In considering the motion, the trial court inquired upon whether the witnesses' purpose was to "rebut an allegation made against [Hull] or . . . to try to convince the Court not to revoke her probation."  Hull acknowledged that the witnesses were to convince the Court not to revoke her probation.  Noting that the witnesses were "not fact witnesses regarding any potential violation,"  the trial court denied the motion.

Kevin Smith, Hull's probation officer, testified that, while on probation, Hull was arrested and subsequently convicted for stealing cigarettes from a store.  Smith learned of Hull's arrest when he noticed Hull wearing "jail clothes and handcuffed" while he was at the jail working on his caseload.  Smith stated that he later verified that Hull pled guilty to theft of property under $500.  Smith also testified that Hull had made no payments toward her balance of $4,902.50 for fines and court costs.

On cross-examination, Smith testified that Hull had been reporting to him as instructed since Hull had been reinstated to probation from her first probation revocation.  Smith stated that Hull had been compliant with probation except for the new theft of property conviction and owing a balance on fines and court costs.  Smith acknowledged that Hull may have had difficulty calling or visiting his office to inform him of the new arrest while she was incarcerated.  Smith stated that Hull sent a handwritten note to him after he had spoken with her in the jail.  Smith stated that Hull was not employed, has had various health issues, and was attempting to obtain social security benefits.

Hull testified on her own behalf at the revocation hearing.  Hull stated that she entered a "nolo contendre" guilty plea to the theft of property charge because she was confused and that she thought she would be able to "do the time, get out, and go on with trying to get [her] social security." Hull said that she should have pled not guilty and that her main concern over the past year was obtaining a hearing to procure her social security benefits.  Hull stated that she received monthly monetary assistance from friends, lived at a friend's house rent-free, and received food stamps.  Hull stated that, if she was released and granted social security benefits, she would move to Memphis to live in a "high rise" community that accepts residents based on their income.  On cross-examination, Hull testified that she did not steal any cigarettes and refused to accept responsibility for the crime. During re-direct examination, Hull stated that she was also attempting to remove  driving related convictions from her record in order to obtain a driver's license to drive to Memphis.

At the conclusion of the hearing, the trial court emphasized that Hull has led a "life of crime" that consisted of over forty convictions. The trial court then revoked Hull's probation based on the theft of property conviction. Hull subsequently filed this timely appeal.

## ANALYSIS

**I. Denial of Motion for Continuance.** Hull argues that the trial court erred in denying her motion to continue the probation revocation hearing as she was unable to locate a witness. She asserts that she was prejudiced by not being able to present proof through the witness "in argument for the court to reinstate probation." In addition, Hull contends that if the trial court had heard the proof, "the court would have reached a different result rather than incarceration." The State argues, and we agree, that trial court properly exercised its discretion in denying Hull's motion as this was the second continuance requested by Hull in an effort to locate a witness that was to testify regarding sentencing alternatives.

The grant or denial of a continuance rests within the sound discretion of the trial court. State v. Rimmer, 250 S.W.3d 12, 40 (Tenn. 2008) (citing State v. Odom, 137 S.W.3d 572, 589 (Tenn. 2004); State v. Russell, 10 S.W.3d 270, 275 (Tenn. Crim. App. 1999)), cert. denied, — U.S. — 129 S. Ct. 111 (2008). The decision to deny a continuance will be reversed by this court "only if it appears that the trial court abused its discretion to the prejudice of the defendant." Odom, 137 S.W.3d at 589 (citing State v. Hines, 919 S.W.2d 573, 579 (Tenn. 1995)). "An abuse of discretion is demonstrated by showing that the failure to grant a continuance denied defendant a fair trial or that it could be reasonably concluded that a different result would have followed had the continuance been granted." Hines, 919 S.W.2d at 579 (citing State v. Wooden, 658 S.W.2d 553, 558 (Tenn. Crim. App. 1983)). When a defendant claims that the denial of a continuance constitutes a denial of due process or the right to counsel, then he or she must establish actual prejudice. Rimmer, 250 S.W.3d at 40 (citing Odom, 137 S.W.3d at 589)).

In denying Hull's motion for continuance, the trial court considered the purpose and scope of the missing witness' testimony. Hull acknowledged that the missing witness' testimony was regarding Hull's reinstatement of probation and not to rebut the allegation of her probation violation. The trial court had also granted Hull's previous request for continuance for the purpose of locating the same witness. The record reflects the trial court refused to reinstate Hull's probation, in large part, due to Hull's lengthy criminal history and a new arrest for theft of property. In this regard, Hull has failed to demonstrate in what way the witness would have affected the trial court's decision or how she was prejudiced by the trial court's denial of the motion. Thus, we conclude that the trial court did not abuse its discretion in denying Hull's motion to continue.

**II**. **Revocation of Probation.** Hull argues that the trial court erred in revoking her probation and reinstating her original sentence. Specifically, Hull contends that the trial court did not consider the circumstances which led to her theft of property conviction. The State argues, and we agree, that the trial court properly exercised its discretion in revoking the defendant's probation and reinstating her original sentence.

Our law states that a trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310,-311(e) (2006). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App.

2005) (citing <u>State v. Mitchell</u>, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. <u>State v. Beard</u>, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination that she violated her probation. <u>Id.</u> (citations omitted).

Here, the record clearly shows that Hull violated her probation because she admitted to pleading guilty to theft of property while she was on probation. <u>See</u> <u>State v. Johnson</u>, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (holding that a defendant's concession of an act constituting violation of probation constitutes substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion). At the hearing, the trial court stated,

> [Hull] gets on the stand and tries to make compelling testimony and as I listen, I go back and look at [Hull's] pre-sentence report. [Hull has] been convicted of at least 40 crimes. In looking through your pre-sentence history, a lot of those they weren't able to – there are even more beyond that they weren't able to report on because of the age of them. You know, to try to have me have sympathy for you today, this is a long pattern. A lot of what you testified to today, I've heard from you over and over again. But you've led a life of crime, over 40 convictions. Most people live a life without any convictions. And you've had opportunities. And you don't take advantage of your opportunities. You've had shock incarceration. That doesn't work. You've been found guilty of a subsequent theft which gives the Court clear grounds to violate your probation or revoke your suspended sentence which I do without hesitation. You've been a problem for the community. You haven't taken advantage of things which could have helped you or assisted you. So I'm not compelled by your testimony and I find that whatever it takes to get you off the streets, the Court is willing to do.

The record reflects that the trial court considered Hull's testimony as well as the circumstances which led to her theft of property conviction. As evidenced by the above remarks, the trial court was simply not persuaded by Hull's attempt to convince the court to reinstate her probation. After revoking Hull's probation, the trial court acted within its authority and reinstated Hull's original sentence. <u>See</u> T.C.A. §§ 40-35-310, -311(e) (2006). Accordingly, we conclude that the trial court did not abuse its discretion in revoking Hull's probation and reinstating her original sentence of confinement.

## <u>CONCLUSION</u>

Based on our review, we conclude that the trial court did not err in denying Hull's request for a continuance and reinstating her original sentence after revoking her probation. Accordingly, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE