# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 18, 2011

## STATE OF TENNESSEE v. DARREN ALLAN VINCENT

**Appeal from the Circuit Court of Sequatchie County**
**No. 2009-CR-160     Thomas W. Graham, Judge**

---

**No. M2010-02468-CCA-R3-CD - Filed January 20,2012**

---

JEFFREY S. BIVINS, J., concurring.

I concur in the results reached in the majority opinion. I, however, would affirm the trial court on the merits of its sentencing decision.

This case is another in a growing line of cases that illustrates the disagreement among the judges of this Court on the issue of whether we should presume the correctness of the trial court's sentencing ruling because the defendant failed to include in the appellate record the transcript of the guilty plea hearing. My colleagues in this case advocate a bright-line rule against a review on the merits if the defendant fails to include the guilty plea hearing transcript in the appellate record. As I have stated previously, I prefer a case-by-case approach in these cases. See State v. Christine Caudle, No. M2010-01172-CCA-R3-CD, 2011 WL 6152286 (Tenn. Crim. App. Dec. 8, 2011) (Bivins, J., concurring); see also State v. Anna M. Steward, No. E2010-01918-CCA-R3-CD, 2011 WL 4346659 (Tenn. Crim. App. Sept. 19, 2011) (setting forth more detailed arguments on both sides of this issue).

Preliminarily, I want to make clear that I agree with my colleagues on this panel that the better practice is to include the transcript of the guilty plea hearing in the appellate record. The inclusion of this transcript should be done as a matter of course in every case involving a sentencing issue. This, however, does not translate into the absolute necessity of having this transcript to conduct a meaningful appellate review. Indeed, on many occasions, when the transcript of the guilty plea hearing is included, it adds little or nothing to what is already present in the transcript of or the exhibits to the sentencing hearing.

Moreover, in my opinion, the unintended consequences of the majority's harsh, bright-line rule countenance against such a position. Such consequences in many instances include the addition of a major, unnecessary issue to the already almost inevitable post-conviction proceeding. This then further complicates already overcrowded trial court dockets on an

issue that in most instances the trial court correctly addressed during the initial proceedings. Furthermore, in cases involving appointed counsel in post-conviction cases, the addition of another major issue such as sentencing unnecessarily increases indigent defense costs.

The instant case even involves misdemeanor sentencing. When determining a misdemeanor sentence, a trial court is allowed greater flexibility than in setting felony sentences. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). The circumstances of the offense and the resulting "horrific" injuries to the victim are made clear from the sentencing hearing in this case. Indeed, the trial court correctly notes that the evidence likely would have supported a conviction for aggravated assault, much less simple assault. Likewise, the record establishes that the trial court followed proper procedure in sentencing the Defendant and that the trial court properly applied at least some of the enhancement factors advanced by the State. In summary, in my opinion, the record contains sufficient evidence to allow a meaningful appellate review of the Defendant's sentence, and that review demonstrates that the Defendant is not entitled to relief on this issue. Therefore, I would affirm the trial court's sentencing decision on its merits.

_____
JEFFREY S. BIVINS, JUDGE