# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 10, 2024 Session

## STATE OF TENNESSEE v. ANTHONY M. STANDIFER

**Appeal from the Circuit Court for Coffee County**
**No. 42030      William A. Lockhart,[1] Judge**

_____

## No. M2023-01133-CCA-R3-CD
_____

Anthony M. Standifer ("Defendant") filed an application for judicial diversion and entered a guilty plea to Class C felony[2] possession of a Schedule I controlled substance in violation of Tennessee Code Annotated section 39-17-417.  On December 10, 2015, the trial court entered a probation order deferring entry of judgment pending Defendant's successful completion of one year of supervised probation and three years of unsupervised probation.  Following a June 28, 2023 probation revocation hearing, the trial court found that Defendant violated the conditions of probation.  The trial court revoked probation, terminated judicial diversion, and without a sentencing hearing sentenced Defendant.  The court then entered a judgment of conviction finding Defendant guilty of Class C felony "*attempt* poss. Sch. I controlled with intent to" and sentenced Defendant to serve three years in confinement.  Upon review, we affirm the termination of judicial diversion but reverse the judgment finding Defendant guilty of attempted possession of a Schedule I controlled substance with intent to manufacture, deliver, or sell; an offense to which Defendant did not plead guilty.  We remand the case to the trial court for entry of a corrected judgment finding Defendant guilty of Class A misdemeanor possession of controlled substance and for sentencing of Defendant for that offense.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part and Reversed in Part; Case Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

---

[1] The Honorable L. Craig Johnson presided over Defendant's case until his retirement in 2021.

[2] At the time of the offense, possession of a Schedule I controlled substance was a Class A misdemeanor unless the defendant had two (2) or more prior convictions under this section.  Tenn. Code Ann. § 39-17-418(c)(1), (e) (2015).  Knowingly possessing a Schedule I controlled substance "*with intent to manufacture, deliver, or sell*" is a Class B felony.  Tenn. Code Ann. § 39-17-417(b) (2015).

Drew Justice (on appeal and at 2023 probation violation hearing), Murfreesboro, Tennessee; and Eric J. Burch (at 2018 probation violation hearing) and Edward H. North (at guilty plea hearing), Manchester, Tennessee, for the appellant, Anthony M. Standifer.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Greg Northcott, District Attorney General; and Felicia Walkup, Kristy K. West, and Jennifer Craighead, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## I.     Factual and Procedural History

The June 2015 term of the Coffee County Grand Jury indicted Defendant for possession of 14.175 grams or more of marijuana, a Schedule VI controlled substance, with the intent to sell or deliver (Count 1); possession of alprazolam, a Schedule IV controlled substance, with the intent to sell or deliver (Count 2); possession of methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, with the intent to sell or deliver (Count 3); and possession of drug paraphernalia (Count 4).

*a.  The Plea Form*

On December 9, 2015, Defendant filed an application for judicial diversion and a "Plea of Guilty and Acknowledgement and Waiver of Rights" ("the Plea Form"). The Plea Form stated, in relevant part:

> After being so informed of all of his/her rights and the same being fully explained by the [c]ourt in the presence of counsel, the defendant states that he/she understands all of his/her Constitutional Rights, knowingly waives all of the above stated rights and still desires, with the agreement of his/her attorney and the concurrence of the District Attorney General to voluntarily and knowingly enter a plea of guilty to the offense of ~~**POSS. OF CON. SUB., SCH. VI, (MARIJUANA) W/INTENT TO SELL/DELIVER, 14.175 GRAMS OR MORE TCA 39-17-417, POSSESSION ALPRAZOLAM RESALE TCA 39-17-417,**~~ **POSSESSION OF SCH. I** ~~**WITH INTENT TO SELL/DELIVER TCA 39-17-417,**~~ ~~**POSSESSION OF DRUG PARAPHERNALIA TCA 39-17-425**~~[.]

- 2 -

(emphasis and strikethrough in original). The lines striking out some of the offenses were handwritten. The signatures of Defendant, defense counsel, the prosecutor, and the trial court appeared on the form.

### b. Guilty plea hearing

At the plea submission hearing, the prosecutor stated,

> [Defendant] will be pleading guilty under the judicial diversion statute to Count Three of the indictment [to] *the amended charge of a possession of Schedule I, Class C felony. He will be receiving a sentence of four years*, all to be served on probation.[3] The first year will be served under supervised probation, and as long as all of his fines, court costs, and everything required by the probation office is done, the other three years will be unsupervised. Both [Defendant and a codefendant] live out of state and are attending college, so this is trying to help them continue with that.
>
> . . .
>
> [D]efendant will also be required to pay the $2,000 minimum mandatory fine[.]

The prosecutor provided the following factual basis:

> [T]he facts of the case would show that on or about February 27[,] 2015, there was a traffic stop made by Tennessee Highway Patrol Trooper Jeremy Miller for the car following too closely. As the officer approached the vehicle, he noticed a strong smell of marijuana. He asked the driver for his driver's license. It was found to be suspended. Based on the strong smell of marijuana, the trooper asked to search the vehicle. During the search, he was able to find two ounces of marijuana under the passenger seat, as well as some molly and Xanax bars, Your Honor.

Upon examination by the trial court, Defendant stipulated to the facts as provided by the prosecutor. Defendant agreed that defense counsel had explained the elements of the offenses, the State's burden of proof, and the defenses available to him. Defendant further affirmed that he understood he was waiving his rights to a jury trial and sentencing hearing, as well as his rights to confrontation, to call witnesses, testify or remain silent, to

---

[3] The prosecutor's statement is incorrect in two ways: Possession of Schedule I is not a Class C felony, and Defendant was not "sentenced"; rather, he was placed on judicial diversion for four years.

be represented by counsel, and to appeal. Defendant stated that he understood the terms of judicial diversion and the consequences of failing to successfully complete diversion. He denied that he had any complaints about defense counsel's representation. Defendant affirmed that he was pleading guilty because he was guilty. The trial court found that Defendant was knowingly and voluntarily pleading guilty and accepted his plea.

### c. Order of Deferral

Judgment forms were entered in Counts 1, 2, and 4 reflecting their dismissal. In Count 3, the trial court filed an "Order of Deferral (Judicial Diversion)," which reflected that the indicted offense was "39-17-417 Poss of Sch I w/Intent," a Class B felony. The "Deferred Offense Name" was listed as "39-17-417 Poss of Sch I," and the offense classification was listed as a Class C felony. The probation term was to begin on December 9, 2015, and end on December 9, 2019; a written notation stated that Defendant was to serve one year on supervised probation and three years on unsupervised probation.

### d. Joint Order

On January 7, 2016, the trial court filed a "Joint Motion and Order Modifying Probation," which stated that Defendant lived in Illinois and that the Illinois Department of Probation and Parole "has granted Defendant reporting instructions, but has not accepted full transfer of Defendant's probation" and that the TDOC would continue to supervise Defendant. The Joint Motion and Order Modifying Probation stated that Defendant pled guilty to "one count of violating Tenn. Code Ann. § 39-17-417, felony possession of a controlled substance." The Joint Motion was signed by defense counsel, the State, and the trial court.

### e. Violations of Probation

On July 19, 2017, a probation violation warrant was issued. On June 20, 2018, the court entered an order revoking Defendant's probation, ordering Defendant to serve 120 days, and reinstating probation. The June 20, 2018 order did not terminate Defendant's judicial diversion. Two additional probation violation warrants were issued, one on October 15, 2019, and the other on January 8, 2020.

### f. 2023 Revocation and Sentencing Hearing

A probation revocation hearing was conducted on June 28, 2023. Vickie Farrar testified that she had been a Tennessee Department of Correction (TDOC) probation officer for forty years. Ms. Farrar said that, when she "did the probation order explaining

[Defendant's] rules," it was "for a felony[.]"  She agreed that Defendant acknowledged all the rules, including the condition that his probation would become unsupervised when his fines and costs were paid in full.  Ms. Farrar testified that Defendant's case was included in her caseload "per the interstate compact."  She explained that her office sent Defendant's paperwork to Illinois and that the Illinois office sent her a progress report every six months or when there was "a hiccup or glitch[.]"  Ms. Farrar stated that the "interstate compact agreement notification[s]" were only filed with the trial court if she filed a violation report.  Ms. Farrar stated that, in October 2019, she filed a second violation of probation after receiving an Illinois report notifying her of Defendant's pending charges in Kentucky and Indiana.  She stated that she filed an "amended violation" based upon information she received in January 2020 from Illinois.  Ms. Farrar said that Illinois had charged Defendant with failure to report to his probation officer in November and December of 2019 and in January of 2020.  Ms. Farrar stated that Defendant was served with the Coffee County violation warrants on April 26, 2023, after officials from Baldwin County, Alabama notified Tennessee authorities that they had arrested Defendant.  She noted that Defendant was charged in Alabama with possession of a forged instrument, "trafficking in stolen identities, attempt[] to elude a police officer," reckless endangerment, marijuana possession, possession of a controlled substance, tampering with evidence, and "a fugitive from justice from Kentucky and Tennessee."  Ms. Farrar stated that both Kentucky and Alabama "had a hold" on Defendant.  Defendant called no witnesses in the revocation phase of the hearing.

In the sentencing phase of the hearing, Defendant called his mother's fiancé, Latrobe Epps, to testify.  Mr. Epps stated that he had known Defendant for a little more than three years.  He opined that Defendant's trouble in life and "misdeeds" stemmed from drug addiction, particularly to "cough syrup."  Mr. Epps stated that he and Defendant's mother were in the process of becoming financially able to afford rehabilitation for Defendant and that Defendant knew he needed to "turn his life around."  Upon examination by the trial court, Mr. Epps testified that Defendant was living near Mr. Epps and Defendant's mother in Illinois during the period preceding his April 2023 incarceration.  He stated that Defendant had lived in Illinois for most of his life.

### g.  *Closing Argument and the Trial Court's Ruling*

At the conclusion of the proof, both parties presented argument.  The prosecutor argued that probation violation warrants were filed on October 14, 2019, and January 8, 2020, that both warrants were served on Defendant on April 26, 2023, and that the State had filed notice of additional probation violation allegations on May 16, 2023.  The prosecutor asked that Defendant's diversion be set aside and that the trial court re-sentence Defendant for a C felony to between three to six years to serve in the TDOC.  The State

noted that on June 20, 2018, Defendant pled guilty to Class E felony failure to appear in Coffee County case numbers 44387 and 45109 and was sentenced to two years in each case to be served concurrently with each other but consecutively to the sentence to be imposed in this case.[4]

Defendant argued that, because he was on unsupervised probation after completing one year of supervised probation, his probation should not be revoked for the "technical violations" reported. The trial court responded that the probation order included that $2,000 in fines and costs had to be paid in full before the probation became unsupervised; Defendant responded that "it doesn't say that on the order of deferral."

Defendant further argued that he did not plead guilty to "attempted possession with intent to sell a Schedule I drug" and that his plea was to "simple possession of Schedule I." He averred that, as a result, even if his probation were revoked, "the maximum punishment would be 11 months and 29 days minus time already served."

The following exchange occurred:

THE COURT: But you're asking for me to set it aside and completely re-sentence?

[THE STATE]: Yes, Judge.

THE COURT: So he pled to a C felony possession of what?

[THE STATE]: It was attempted sale of possession of Schedule I.

THE COURT: And that incident happened in?

[THE STATE]: 2015 . . . . And he pled to a diversion sentence of the amended charge. He was charged with a B felony. However, that is a mandatory prison sentence. So I'm sure that's why he –

THE COURT: Was reduced.

[THE STATE]: That he's diversion eligible. They pled it down to the C. That was on December 9[,] 2015.

---

[4] Defense counsel objected, claiming that Defendant's two-year sentences in Case numbers 44387 and 45109 could not run consecutively to the sentence in this case because "[a] sentence can only be run consecutive to a sentence that's previously been imposed" and "[d]iversion is not a sentence."

- 6 -

The trial court found that "[Defendant]'s not done a single thing he is supposed to do on probation. He's not paid his fines and costs. He's not met with his probation officer. He's traveled out of state. He's received new criminal charges in four different states." The court stated that it was "abundantly clear that [Defendant] did not follow the terms of the probation" and that "it couldn't be a worse record of probation." The trial court found that the State had proven by a preponderance of the evidence that Defendant violated the terms of his probation.

Based on the violation of probation, the trial court terminated Defendant's judicial diversion. Concerning the sentence, the court stated:

> So I don't think resentencing him and adding any time – I'm actually going to sentence him to less. I'm going to sentence him to a 3-year, which is the minimum there. He's going to serve it in TDOC. He's going to receive all of the credit he's received. The consecutive sentence is going to remain consecutive but it's going to be unsupervised. Those are now misdemeanors. So I am going to change that sentence to an unsupervised consecutive sentence.

The court revoked probation, terminated judicial diversion, and resentenced Defendant to serve three years in confinement. The court ordered that Defendant "receive all jail credits previously earned including the approximate one week he spent in Alabama waiting for extradition[.]"

### h. *Judgment of Conviction*

The trial court entered a judgment reflecting that Defendant pled guilty to "attempt to poss. Sch. I with intent to[,]" a Class C felony, pursuant to Tennessee Code Annotated § 39-17-417.[5] The judgment reflected a three-year sentence at 30% service. The judgment contained the following jail credits: May 22-23, 2017; August 22-September 7, 2017; March 12-July 24, 2018; and April 19-July 10, 2023.

Defendant timely appealed.

---

[5] The judgment did not state what Defendant's intent was; it did not specify whether Defendant intended to manufacture, or to deliver, or to sell the controlled substance. Tenn. Code Ann. § 39-17-417 (a)(4).

- 7 -

## Analysis

On appeal, Defendant claims that the trial court erred by revoking judicial diversion and imposing a three-year sentence in confinement. The State argues that the trial court properly revoked judicial diversion and that we should remand for a resentencing hearing. We agree with the State that the court properly revoked judicial diversion, and we agree with Defendant that the court erred in finding him guilty of a felony to which he did not plead guilty.

### *Judicial Diversion*

A trial court "may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant." Tenn. Code Ann. § 40-35-313 (a)(1)(A). A "qualified defendant" is defined as "a defendant who: (a) [i]s found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought." Tenn. Code Ann. § 40-35-313 (a)(1)(B)(i)(a). "The deferral shall be for a period of time not less than the period of the maximum sentence for the misdemeanor with which the person is charged or not more than the period of the maximum sentence of the felony with which the person is charged." Tenn. Code Ann. § 40-35-313(a)(1)(A) (2015). Knowingly possessing a Schedule I controlled substance "with intent manufacture, deliver or sell the controlled substance" is a Class B felony. Tenn. Code Ann. § 39-17-417(b). A person who pleads guilty to a Class B felony is not a qualified defendant and is ineligible for diversion. Tenn. Code Ann. § 40-35-313 (a)(1)(B)(i)(c). A defendant who pleads guilty possession of a Schedule I controlled substance, a Class A misdemeanor, is a qualified defendant for judicial diversion unless statutorily disqualified.[6]

### *Standard of Review*

So long as the trial court places sufficient findings supporting its decision to revoke judicial diversion on the record, we will review the decision for abuse of discretion, with a presumption of reasonableness. *State v. Weld-Ebanks*, No. M2022-01665-CCA-R3-CD, 2024 WL 370105, at *3 (Tenn. Crim. App. Jan. 31, 2024) (citing *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022)), *perm. app. denied* (Tenn. Jun 20, 2024).

---

[6] A defendant who committed an offense in an official capacity as elected or appointed person in the executive, legislative or judicial branch of the state, a defendant who was previously convicted of a "felony or a Class A misdemeanor for which a sentence of confinement [wa]s served," or a defendant who was previously granted judicial or pretrial diversion, are not qualified defendants for diversion. Tenn. Code Ann. § 40-35-313 (a)(1)(B)(i)(b),(d), (e).

When the record clearly establishes that the trial court imposed a sentence within the appropriate range after a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012).

*Findings Supporting Termination of Diversion*

The same procedures used for probation revocations should be followed when addressing allegations that a defendant violated the terms of judicial diversion. *State v. Clayton*, No. W2014-00517-CCA-R3-CD, 2015 WL 514385, at *2 (Tenn. Crim. App. Feb. 5, 2015), *no perm. app. filed*. "'If the trial court determines by a preponderance of the evidence that the defendant has violated probation,' the trial court may terminate judicial diversion and proceed to sentence the defendant." *Id*. (quoting *State v. Johnson,* 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999)).

The trial court found that it was "abundantly clear" that Defendant "did not follow the terms of the probation." The court found that the violations included failure to meet with his probation officer, "leaving the jurisdiction without permission multiple times," and accumulating new criminal charges in four states. The court's findings are supported by a preponderance of the evidence. The trial court did not abuse its discretion by terminating judicial diversion.

*Sentence Imposed following Termination of Diversion*

Tennessee Code Annotated section 39-17-417(a)(4) (2015) provides that "it is an offense for a defendant to knowingly" "[p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." A violation of subsection (a)(4) "with respect to a Schedule I controlled substance is a Class B felony." Tenn. Code Ann. § 39-17-417(b) (2015). Tennessee Code Annotated section 39-17-418(a) (2015) states: "It is an offense for a person to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." At the time Defendant committed the offense, possession of a controlled substance was a Class A misdemeanor unless the defendant had two (2) or more prior convictions under this section" in which case the offense was Class E felony. Tenn. Code Ann. § 39-17-418 (c)(1), (e) (2015).

Many of the documents related to Defendant's guilty plea contained contradictory information. After someone marked through several lines of the Plea Form, the offense to

which Defendant pled guilty was shown as "possession of Sch. I 39-17-417." The Plea Form was signed by Defendant, defense counsel, the State, and the trial court. The Order of Deferral which was signed by Defendant showed the statute as Tennessee Code Annotated section 39-17-417, the deferred offense name as "Poss of Sch I," and the class of the deferred offense as a C felony. The Probation Order showed that Defendant was placed on diversion for "Poss. of Sch. I." The Joint Motion and Order Modifying Probation stated that Defendant pled guilty to "one count of violating Tenn. Code Ann. § 39-17-417, felony possession of a controlled substance." The Joint Motion was signed by defense counsel, the State, and the trial court.

*Attempted* possession of a controlled substance "with intent to manufacture, deliver or sell the controlled substance" was and is a Class C felony. Tenn. Code Ann. § 39-12-107(a) (2015). However, at no time during the plea submission hearing did the State mention "attempt" or "attempted." At the plea submission hearing, the factual basis provided by the State echoed the same contradictory information in the Plea Form, and Defendant stipulated to the factual basis provided by the State.

Both the State and original counsel for Defendant were careless by providing contradictory information to the trial court at the plea submission hearing. As attorneys, they were responsible for providing accurate information to the court. *See State v. Parrott*, No. 03C01-9709-CR-00408, 1999 WL 320712, at *6 (Tenn. Crim. App. May 21, 1999) (stating that "[p]rosecutors have a duty to submit accurate information to the court"), *perm. app. denied* (Tenn. Nov. 22, 1999). Defendant was initially placed on diversion nine years ago. It is too late to punish Defendant for the contradictory information provided to the trial court.

In their briefs and at oral argument, both Defendant and the State agreed that an acceptable outcome to this appeal would be for Defendant's conviction to be modified to Class A misdemeanor possession of a Schedule I controlled substance. In light of the parties' agreement, and in the interest of judicial economy, we remand the case to the trial court for the entry of a corrected judgment reflecting that Defendant pleaded guilty to Class A misdemeanor simple possession of a Schedule I controlled substance under Code section 39-17-418.

## Conclusion

The trial court erred in finding Defendant guilty of a Class C felony and imposing a three-year sentence. We reverse the judgment of the trial court and remand the case for entry of a corrected judgment finding Defendant guilty of Class A misdemeanor possession of a controlled substance. Unless waived by the parties, the trial court shall hold a

sentencing hearing to determine the appropriate sentence and the jail credits to which Defendant is entitled.


_s/ Robert L. Holloway, Jr._

ROBERT L. HOLLOWAY, JR., JUDGE