# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2011

## STATE OF TENNESSEE v. MIRA EVA HARRIS

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 09-745, 10-199     Roy B. Morgan, Jr., Judge**

**No. W2010-01481-CCA-R3-CD  - Filed July 12, 2011**

The defendant, Mira Eva Harris, pled guilty, in two different indictments, to two counts of driving under the influence ("DUI"), two counts of DUI as a prior offender, driving on a revoked license, driving on a revoked license as a prior offender, violation of the implied consent law, and violation of the open container law.  After merger with the appropriate prior offender charges, the defendant was sentenced to eleven months and twenty-nine days on each of the two DUI convictions and eleven months and twenty-nine days on the driving on a revoked license conviction, all to be served consecutively, as well as eleven months and twenty-nine days for violation of the implied consent law with five days served consecutively to the other sentences.  On appeal, the defendant presumably challenges the sentences imposed by the trial court.  Following our review, we affirm the judgments below.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Mira Eva Harris.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Anna B. Cash, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On November 30, 2009, in indictment 09-745, the defendant was charged in count one with DUI; in count two with DUI as a prior offender; in count three with driving on a

cancelled, suspended, or revoked license; in count four with driving on a cancelled, suspended, or revoked license as a prior offender; in count five with violation of the implied consent law; and in count six with violation of the financial responsibility law. On April 5, 2010, in indictment 10-199, the defendant was charged in count one with DUI; in count two with DUI as a prior offender; and in count three with violation of the open container law.

The underlying facts of the offenses as relayed in the affidavits of complaint were as follows:

On 8-6-2009 at approx 0046 Deputy was dispatched to a vehicle in a ditch. Upon arrival Deputy did make contact with [the defendant]. [The defendant] did have about her person a strong odor normally associated with alcoholic beverages. Speech was extremely slurred and eyes glossy. Deputy conducted (3) field sobriety test[s], all performed poorly. Computer check revealed TNDL revoked for previous DUI. [The defendant] could not provide Deputy with proof of insurance. [The defendant] refused blood test. Transported to CJC. Vehicle was towed by Turpins Wrecker Service.

[On December 19, 2009,] [the defendant] was involved in [a] crash on I-40 near 92 mm EB. Witness saw defendant weaving badly and strike tractor trailer. Veh[icle] continued and pulled into BP gas station at exit 93. [Officer] arrived and found defendant slumped over wheel with veh[icle] running. [Officer] contacted [the defendant] who appeared to be intoxicated [and] open alcohol [was] in plain view in veh[icle]. [The defendant was] given field sobriety [tests] and failed badly. [The defendant was] arrested for DUI.

[On December 19, 2009,] [the defendant] was arrested on suspicion of DUI and driving on revoked license. [The defendant] was explained implied consent and for a blood sample. A blood sample was requested due to evidence of alcohol and prescription narcotics in the vehicle. [The defendant] refused all test[s] and refused to sign citation.

[On December 19, 2009,] [the defendant] was found slump[ed] over the wheel [at] BP gas station on State Route 152. [The defendant] was determined to be DUI and placed under arrest. [The defendant] was determined to have TN ID only. Her driver[']s license was found to be revoked for a previous DUI on 6-15-09 in Madison County.

[On December 19, 2009,] [the defendant] was arrested on suspicion of

DUI and driving on a revoked license. Vehicle had open alcohol in plain view inside vehicle. An opened 5th of Barton Bourbon was in the back seat of veh[icle].

On May 5, 2010, the defendant pled guilty pursuant to a plea agreement to counts one through five of indictment 09-745, and count six was dismissed. Counts one and two were merged into one conviction, as were counts three and four merged into one conviction. She also pled guilty to all three counts charged in indictment 10-199, of which counts one and two were merged into one conviction. Defense counsel stipulated to the facts giving rise to the indictments, but the facts were not specifically recited to the court. The trial court accepted the defendant's pleas and set the matter for sentencing.

At the June 14, 2010 sentencing hearing, the defendant testified that she was sixty-seven-years old and recently divorced. The defendant was from Croatia but had lived in the United States for forty years. She had two adult children. The defendant understood that she pled guilty to two DUIs but denied that she was guilty of the second one, explaining, "I was guilty of driver's license but I was not guilty of drinking." She claimed, "I didn't know I wasn't supposed to drive, and then she got intoxicated, and I have to sit in the car and drive to BP and park over there and call friend of mine [to] come get me." She said that while waiting at the BP gas station, the police arrived and accused her of hitting a tractor-trailer.

The defendant stated that the last time she had an alcoholic drink was two months earlier. She did not think she needed any treatment but, even so, was willing to be assessed by a professional to determine whether she did. The defendant denied serving forty-five days in jail on her last DUI, despite the presentence report reflecting that she had served that amount of time, claiming, instead, that she served three days in jail and twenty-eight days of community service. The defendant also denied any prior "trouble with the law."

The defendant testified that she did not currently have a driver's license because it was revoked for one year, so she relied on "[f]riends [to] drive [her] around." She asked the court for a sentence of probation or community service and claimed that she could abide by the requirements.

Diane Moore testified that she had known the defendant for twelve or thirteen years, and the defendant was her daughter's mother-in-law at one time. Moore said that she helped the defendant by "driv[ing] her around, tak[ing] her to get her groceries, meet[ing] with [her attorney]. Wherever she needs to go[.]" Moore stated that the defendant was going through a bad divorce at the time of the offenses and "was drinking pretty heavy," but since then, "she's not out drinking, she's not out at bars getting drunk." Moore explained, "[T]he last six months, I cannot say that I've seen her drinking, other than in her house." Moore said

that the defendant had started a cleaning business and was "trying to get her life in order," so Moore thought that giving the defendant "a third chance . . . would be a great idea." Moore stated that she was willing to help the defendant get around after she got out of jail.

Herman Rhodes testified that he had known the defendant since 1978 or 1979 and was aware that she drank alcohol during the time she was going through a divorce, "but now she do[esn't] seem to be drinking anymore." He noted that the defendant's life was "on an even keel now."

After the conclusion of the hearing, the court sentenced the defendant to eleven months and twenty-nine days on the DUI, third offense, and driving on a revoked license convictions in indictment 09-745 and ordered that the sentences be served consecutively. For violation of the implied consent law in that same indictment, the court noted that "it's a mandatory five day[]" sentence but, given the circumstances, sentenced the defendant to eleven months and twenty-nine days. The court ordered that five days of that sentence be served consecutively to the other sentences, but the remainder served concurrently. The court ordered that the defendant serve seventy-five percent of the DUI sentence and five days of the violation of the implied consent law sentence but suspended the remainder of the defendant's sentences to community corrections. The court also imposed a total of $1350 in fines.

On the defendant's DUI, third offense, conviction in indictment 10-199, the court sentenced the defendant to eleven months and twenty-nine days, as well as imposed a $1100 fine. The court ordered that the sentence in indictment 10-199 be served consecutively to the sentences in 09-745 and that the defendant serve 120 days of that sentence with the balance suspended to community corrections. The court fined the defendant $50 for the violation of the open container law conviction in that indictment.

In addition, the court revoked the defendant's driver's license for five years and ordered an alcohol and drug assessment.

## ANALYSIS

We initially observe that it is clear the defendant is seeking appellate review of the sentence imposed by the trial court. However, the form and content of her brief clearly fail to conform to the requirements of the Tennessee Rules of Appellate Procedure and the Rules of the Court of Criminal Appeals; thus, review of the defendant's issue is waived.

The statement of the issue provided in her brief consists only of a recitation of the statute pertaining to consecutive sentencing, and she provides absolutely no supporting

argument in an argument section or otherwise.  Tennessee Rule of Appellate Procedure 27 provides:

> The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> . . . .
>
> (4) A statement of the issues presented for review;
>
> . . . .
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(4), (7).  "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in [the Court of Criminal Appeals]."  Tenn. Ct. Crim. App. R. 10(b).

Waiver notwithstanding, given the defendant's recitation of the consecutive sentencing statute in her statement of the issue presented for review, we presume the defendant is challenging the trial court's imposition of consecutive sentencing, albeit supported by no argument.

Appellate review of misdemeanor sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct.  Tenn. Code Ann. §§ 40-35-401(d), -402(d).  This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  The burden is on the appealing party to show that the sentence is improper.  See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Cmts.

The trial court is afforded considerable latitude in misdemeanor sentencing. See, e.g., State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). When imposing a misdemeanor sentence, the trial court is not required to conduct a sentencing hearing, but it must afford the parties a reasonable opportunity to address the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a). Moreover, the trial court is not required to place specific findings on the record, State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998), but must consider the principles of sentencing and the appropriate enhancement and mitigating factors in determining the percentage of the sentence to be served in actual confinement. Tenn. Code Ann. § 40-35-302(d).

Tennessee Code Annotated section 40-35-115(b) provides that it is within the trial court's discretion to impose consecutive sentencing if it finds by a preponderance of the evidence that any one of a number of criteria applies, including that "the defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2) (2006). "Extensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997) (citing State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)).

The presentence report conveyed the defendant's criminal history, which included four prior convictions for driving under the influence as well as a host of other driving-related offenses. This court has previously found that a criminal record consisting of only misdemeanors supported imposition of consecutive sentencing. See, e.g., State v. Steven W. Black, No. E2010-00924-CCA-R3-CD, 2011 WL 208075, at *3 (Tenn. Crim. App. Jan. 13, 2011), perm. to appeal denied (Tenn. May 25, 2011) (upholding consecutive sentencing on basis of extensive criminal history alone where defendant had eleven previous misdemeanor convictions and three violations of his probation); State v. Edyson Rafael Arias, No. E2005-01700-CCA-R3-CD, 2006 WL 2277667, at *22 (Tenn. Crim. App. Aug. 9, 2006) (upholding consecutive sentencing on basis of extensive criminal history alone where defendant had prior misdemeanor convictions for second degree sexual abuse of a twelve-year-old, second degree unlawful imprisonment, aggravated harassment, and domestic assault); State v. James Clifford Wright, No. 01C01-9811-CC-00476, 1999 WL 994055, at *3 (Tenn. Crim. App. Oct. 29, 1999), perm. to appeal denied (Tenn. May 22, 2000) (upholding consecutive sentencing on basis of extensive criminal history alone where defendant had two prior driving under the influence convictions, a conviction for driving while his license was suspended, and a speeding conviction). Accordingly, we affirm the trial court's imposition of consecutive sentences in this case.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial

court.

_____
ALAN E. GLENN, JUDGE