IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2016

## STATE OF TENNESSEE v. BRIAN J. BLEDSOE

**Appeal from the Circuit Court for Gibson County**
No. 18751     Clayburn L. Peeples, Judge

_____

**No. W2015-02252-CCA-R3-CD  -  Filed August 3, 2016**

_____

The defendant, Brian J. Bledsoe, was convicted by a Gibson County Circuit Court jury of assault, a Class B misdemeanor, and sentenced to six months in the county jail suspended after service of sixty days.  On appeal, the defendant challenges the sentence imposed by the trial court.  After review, we affirm the judgment of the trial court.  However, we remand for entry of a corrected judgment, reflecting that the defendant's sentence is suspended after service of sixty days.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Tom W. Crider, District Public Defender; and Milly Worley and Jamie Berkley, Assistant Public Defenders, for the appellant, Brian J. Bledsoe.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Garry G. Brown, District Attorney General; and Hillary L. Parham and Jerald M. Campbell, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTS

The twenty-two-year-old defendant was indicted for solicitation of a minor and sexual battery without consent, arising out of his interactions with the fourteen-year-old victim.

The State's proof at trial was that, on December 8, 2011, the victim went to the defendant's house to receive help with her homework. They were in the defendant's living room, and the victim was waiting for the defendant to finish his video game so he could help her. The defendant finished his game, got up, and walked over to the couch where the victim was sitting. He took his penis and testicles out from his basketball shorts and began rubbing them on the victim's face and neck, trying to put them in her mouth. The victim kept moving and tried to leave, but the defendant would not let her. He then lifted up her shirt and started sucking on her breasts.

The victim testified that she had not gone back to the defendant's house after this encounter, nor had she talked to him. However, the defendant sent her messages on Facebook, saying, "Suck my dick. You know you want to, bitch," and "You'd better watch your back." At some point, the defendant also sent her a text message asking "if he [could] get [her] wet." The victim's sister recalled seeing a text message on the defendant's phone to the victim telling her to "come back over . . . to . . . get some head, basically, suck on his penis."

The next week, the victim reported the incident to Wendy Williams, a teacher at her school. Ms. Williams suggested that the victim talk to her therapist, who then told the police. The victim said that her older sister had seen the messages and talked to her about them, which was what prompted the victim to talk to Ms. Williams. Ms. Williams reviewed the victim's Facebook page and saw the posts from the defendant, which she printed off. Investigator Maigon Shanklin of the Gibson County Sheriff's Department took a statement from the defendant. The defendant changed his story three to four times during the statement.

The defendant testified that he usually tutored the victim at her house and that December 8 was the first time she had come to his house for help with homework. He claimed that he may have accidentally touched the victim's breast while they were engaged in horseplay, but he did not do so intentionally. He denied exposing any body part in the victim's face. The defendant claimed to have received sexually explicit text messages from the victim before the day of the alleged incident. He denied sending the

2

Facebook messages to the victim, indicating that he had allowed other people to use his phone who would have thereby had access to his Facebook account.

Following the conclusion of the proof, the jury found the defendant not guilty of the solicitation of a minor charge in Count 1 and guilty of the lesser-included offense of assault in Count 2.

## ANALYSIS

The defendant challenges the sentence imposed by the trial court, asserting that his sentence is excessive and inconsistent with the purposes of the Sentencing Act.

This court reviews all sentencing decisions under "an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Tennessee Supreme Court has not addressed whether the Bise/Caudle standard of review applies to misdemeanor sentencing, but this court has applied the abuse of discretion with a presumption of reasonableness standard of review in misdemeanor sentencing cases. See, e.g., State v. Christopher Dewayne Henson, No. M2013-01285-CCA-R3-CD, 2015 WL 3473468, at *5 (Tenn. Crim. App. June 2, 2015), perm. app. denied (Tenn. Sept. 17, 2015); State v. Michael Glen Walsh, No. E2012-00805-CCA-R3-CD, 2013 WL 1636661, at *4 (Tenn. Crim. App. Apr. 17, 2013); State v. Sue Ann Christopher, No. E2012-01090-CCA-R3-CD, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar. 14, 2013), perm. app. denied (Tenn. June 18, 2013). Therefore, we will apply that standard of review in this case.

The trial court is afforded considerable latitude in misdemeanor sentencing. See, e.g., State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). When imposing a misdemeanor sentence, the trial court is not required to conduct a sentencing hearing, but it must afford the parties a reasonable opportunity to address the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a). Moreover, the trial court is not required to place specific findings on the record, State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998), but must consider the principles of sentencing and the appropriate enhancement and mitigating factors in determining the percentage of the sentence to be served in actual confinement. Tenn. Code Ann. § 40-35-302(d).

In sentencing the defendant, the trial court found as an enhancement factor that the victim was vulnerable because of her age and possibly because of her mental disability. As a mitigating factor, the court found that the defendant lacked judgment because of his age. The court also took into account that the defendant's prior criminal record was "essentially non-existent." However, the court found that the circumstances of the offense were "very serious." Accordingly, the trial court sentenced the defendant to six months in jail, with all but sixty days suspended.

In Bise our supreme court held "that a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed" from the Sentencing Act. 380 S.W.3d at 706. The court continued, "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." Id. In its conclusion, our supreme court noted that in sentences involving misapplication of enhancement factors, even in a case such as Bise where no enhancement factor actually applied, the sentences must still be affirmed if the sentences imposed are within the appropriate range and in compliance with statutory sentencing purposes and principles. Id. at 709-10.

Having thoroughly reviewed the record, we conclude that the trial court clearly stated its reasons for the sentence imposed, and the defendant's sentence is within the appropriate range. It is apparent that the trial court considered the purposes and principles of the Sentencing Act and did not exceed the considerable latitude given in misdemeanor sentencing. Therefore, the trial court's imposition of a six-month sentence suspended after service of sixty days is presumed reasonable.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the sentence imposed by the trial court and remand for entry of a corrected judgment to reflect that the defendant's sentence is suspended after service of sixty days.

_____
ALAN E. GLENN, JUDGE

4