FILED

03/31/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 6, 2019 Session

**STATE OF TENNESSEE v. CHRISTOPHER RICARDO BONDS**

**Appeal from the Circuit Court for Dyer County**
**No. 17-CR-71        R. Lee Moore, Jr., Judge**

_____

**No. W2018-01954-CCA-R3-CD**

_____

A Dyer County Circuit Court Jury convicted the Appellant, Christopher Ricardo Bonds, of evading arrest, a Class A misdemeanor. After a sentencing hearing, the trial court ordered that he serve nine months in jail at seventy-five percent release eligibility. On appeal, the Appellant contends that the trial court arbitrarily imposed the percentage of the sentence to be served in confinement. Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and D. KELLY THOMAS, JR., J., joined.

Jason R. Creasy, Dyersburg, Tennessee, for the appellant, Christopher Ricardo Bonds.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Danny H. Goodman, Jr., District Attorney General; and Lance Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On October 6, 2016, the Appellant fled from a police officer during a traffic stop. The officer later saw the Appellant, recognized him, and ordered him to stop. The Appellant fled on foot, but officers apprehended him.[1]

---

[1] A transcript of the Appellant's trial is not in the appellate record. Therefore, we have summarized the facts from his presentence report.

In April 2017, the Dyer County Grand Jury indicted the Appellant for felony evading arrest in a motor vehicle in count one, misdemeanor evading arrest in count two, and tampering with evidence in count three. After a jury trial, the jury convicted him as charged of misdemeanor evading arrest in count two but was unable to reach a verdict on counts one and three. The trial court declared a mistrial as to those counts but proceeded to sentencing on count two.

Prior to sentencing, the State filed a Notice of Impeaching Convictions and Intent to Seek Enhanced Punishment. The notice listed the following prior felony convictions: aggravated assault, a Class C felony, committed in 1999; sale of cocaine, a Class B felony, committed in 2001; theft of property, a Class D felony, committed in 2002; possession of marijuana with intent to sell, a Class E felony, committed in 2010; and retaliation for past action, a Class E felony, committed in 2012. At the Appellant's sentencing hearing, the State introduced his original and updated presentence reports into evidence. The reports showed that in addition to the felony convictions listed in the State's notice of enhanced punishment, the Appellant had prior misdemeanor convictions for drug possession, driving on a suspended license, driving under the influence, evading arrest, and disorderly conduct. Moreover, his parole was revoked in 2008, and his probation was revoked in 2012.

The investigating officer for the Appellant's presentence reports noted in the reports that he attempted to meet with the Appellant several times but that the Appellant missed their appointments. The investigating officer tried to contact the Appellant by telephone and text message, but the Appellant never responded. The Appellant eventually met with the investigating officer on September 19, 2018, and claimed that he missed their prior appointments because he had to work late and pick up his children.

The State argued that the trial court should sentence the Appellant to eleven months, twenty-nine days to be served at seventy-five percent release eligibility, the maximum percentage of a misdemeanor sentence that a defendant could serve in confinement before being eligible for consideration for rehabilitative programs. The State based its argument on the Appellant's prior convictions, the need for future deterrence, and his previous failures at alternative sentencing. The Appellant argued that confinement of one hundred twenty days was more appropriate because many of his prior felony and misdemeanor offenses occurred in 1999, 2001, and 2002.

The trial court found the following enhancement factors applicable: (1), the Appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, based on his "significant" criminal history, and (8), the Appellant "has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." Tenn. Code Ann. § 40-

35-114(1), (8).  The trial court stated that "[i]t is serious conduct to run from the police" and that less restrictive punishments had proven unsuccessful.  The trial court found that the Appellant's potential for rehabilitation was poor, which was based on the Appellant's criminal history, his disregard for his meetings with the investigating officer, and the nature of the offense.  The trial court ordered that the Appellant serve nine months in jail with a release eligibility of seventy-five percent.

## II. Analysis

On appeal, the Appellant contends that the trial court arbitrarily set the percentage of the misdemeanor sentence to be served in confinement.  We disagree with the Appellant.

This court reviews the length, range, and manner of service of a sentence imposed by the trial court within the appropriate statutory range under an abuse of discretion standard with a presumption of reasonableness.  State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012).  In determining a defendant's sentence, the trial court shall consider the following factors:  (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in his own behalf; and (8) the potential for rehabilitation or treatment.  See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991).  The burden is on the defendant to demonstrate the impropriety of the sentence.  See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343.

An individual convicted of a Class A misdemeanor may receive a statutory maximum sentence of eleven months and twenty-nine days. See Tenn. Code Ann. § 40-35-111(e)(1). In misdemeanor sentencing, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). Thus, the trial court is afforded considerable latitude in misdemeanor sentencing. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999).

The trial court must fix a percentage of the misdemeanor sentence, not to exceed seventy-five percent, that the defendant must serve in confinement before being eligible for release into rehabilitative programs. See Tenn. Code Ann. § 40-35-302(d). In determining the percentage of the sentence to be served in confinement, the trial court shall consider the sentencing principles and enhancement and mitigating factors and "shall not impose such percentages arbitrarily." Id. The trial court is not required to make explicit findings of enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement. Id.; see also State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999) (holding that in a misdemeanor evading arrest case the trial court was not required to make explicit findings regarding enhancement and mitigating factors).

In this case, the trial court explicitly found that two enhancement factors were applicable to the Appellant's sentence. Although the trial court did not say explicitly why it ordered seventy-five percent release eligibility, the trial court's comments demonstrate that it was greatly troubled by the fact that the Appellant has continued to violate the law and that measures less restrictive than confinement have been unsuccessful. Moreover, the trial court found that the Appellant lacked rehabilitative potential. The sentence imposed by the trial court was within the statutorily prescribed range and, therefore, was presumptively reasonable. We conclude that the trial court did not abuse its discretion by ordering that the Appellant serve his nine-month sentence with a release eligibility of seventy-five percent.

### III. Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE